22960.   STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. HODGES.

ARGUED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 22, 1965—
REHEARING DENIED OCTOBER 7, 1965.

356

*Hitch, Miller, Beckmann & Simpson, R. M. Hitch, Luhr G. C. Beckmann, G. C. Dekle, Jr., Fulcher, Fulcher, Hagler & Harper, A. Montague Miller*, for plaintiff in error.

*Thomas M. Odom,* contra.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, C. B. Rogers, Divine & Busbee, George D. Busbee, Bryan, Carter, Ansley & Smith, W. Colquitt Carter, M. D. McLendon, Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, Freeman & Hawkins, Joe C. Freeman, Jr., Max F. Goldstein, Wayne H. Shortridge, Martin, Snow, Grant & Napier,* for parties at interest not parties to record.

DUCKWORTH, Chief Justice. The decisive question here requires consideration of the following: (1) The policy, by unambiguous terms, fixes the maximum liability for injury to one person at $10,000, and this is unaltered by the subsequent provision for coverage when more than one person is injured at a maximum total coverage of $20,000 as it is expressly limited to the maximum provided for one person, including damages for care and loss of services, which is $10,000, and (2) the maximum liabilities stand irrespective of the number of those claiming loss. These provisions of the policy stand unaffected by the rule for construction of ambiguous policies against the insurer. They, being unambiguous, must be given the precise meaning their terms plainly state. *Genone v. Citizens Ins. Co. of N. J.,* 207 Ga. 83 (60 SE2d 125); *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837 (114 SE2d 21). With the foregoing legal principles established, we have only to look to the undisputed facts in this case to discover the obvious error of the Court of Appeals. That court clearly erred in holding that the terms of the policy, to wit: "including damages for care and loss of services" rendered the explicit maximum of liability on account of injury to one person ambiguous in that it could mean the maximum damages recoverable by any one person, that is "damages sustained" instead of "injuries sustained" by any one person. The maximum is unmistakably fixed at $10,000 for injuries sustained by any one person, and this covers every conceivable claim, whether asserted by one or many. Therefore, when the insurer has paid for the damage in the husband's suit of $9,000, giving full credit for his property damage of $900, $50.50 for medical payments, and $1,000 loss of consortium of his wife, there was paid on account of his personal injury only $7,049.50. The policy would

then cover only $2,950.50 more for his injury, including any damage for care and loss of his services. The wife, who was also hurt in the automobile wreck, sued for $5,000 for her personal injuries plus $7,200 for loss of consortium and obtained a verdict for $10,000. Thereby, she had a verdict for $5,000 for the injury of her husband. When this is added to what had already been paid on account of his injuries—$7,049.50 paid to him plus $5,000 she claims, totaling $12,049.50 for injuries sustained by her husband, it exceeds the policy coverage of $10,000, is an unwarranted claim for $2,049.50, and the company properly paid $7,950.50 on the $10,000 judgment of the wife.

From the foregoing mathematical facts, it is obvious that the claim here asserted of $2,049.50 by the insured is unwarranted, is not covered by the policy, and the suit therefor based upon this policy stated no cause of action and should have been dismissed on demurrer; and the Court of Appeals' contrary holding is erroneous and reversed.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*