### Faye SMITH v. STATE FARM MUTUAL AUTOMOBILE INS. CO.

5-5787                                    477 S.W. 2d 186

Opinion delivered March 6, 1972

*Lightle, Tedder & Hannah,* for appellant.

*Cockrill, Lasser, McGehee, Sharp & Boswell;* By: *Frank L. Watson,* for appellee.

Frank Holt, Justice. Appellant and her husband had previously secured separate judgments against appellee's insured, Loleta Goble. See *Smith* v. *Goble,* 248 Ark. 415, 452 S. W. 2d 336 (1970). The appellee insurer paid the entire policy limits of $10,000 to appellant's husband and $7,641.60 to appellant for her injuries. However, the appellee refused to pay her any part of the additional $5,000 which the jury awarded her for loss of consortium. This resulted in the present action. The trial court, sitting as a jury, found the issues in favor of the appellee and dismissed appellant's complaint. For reversal the appellant asserts that the recovery for loss of consortium was expressly included within the terms of the policy. Appellant argues that loss of consortium constitutes damages within the purview of Goble's policy clause which provides coverage for damages resulting from "* * * (a) bolily injury sustained by other persons * * * " and that the company bound itself to pay her for "* * * damages

for care and loss of services" resulting from personal injuries. Appellant asserts that since consortium is a compensable element of damages arising from bodily injuries, citing *Missouri Pac. Trans. Co.* v. *Miller,* 227 Ark. 351, 299 S. W. 2d 41 (1957), her $5,000 consortium damages are included as coverage by the terms "care and loss of services."

The appellee does not take issue with this assertion. However, appellee correctly relies upon the provision in the Goble policy which limits appellee's liability. This provision reads:

> "Limits of Liability—* * * Coverage A. The limit of liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages arising out of bodily injury sustained by one person in any one accident. * * *"

This provision clearly and unambiguously limits the recovery for damages for bodily injuries sustained by any one person in any one accident. In the case at bar the limit of liability is $10,000. We agree with the trial court that since appellant's husband was paid the full amount of the policy limits for his bodily injuries, the appellant cannot recover her derivative claim for loss of consortium in excess of the $10,000 policy limits. See *Sheffield* v. *American Indemnity Co.,* 140 S. E. 2d 787 (S. C. 1965); 7 Am. Jur. 2d Automobile Insurance § 195; 13 ALR 3d Insurance—Limits of Liability § 4 p. 1234.

The appellee having fulfilled its obligation by paying the full limit of its liability, it necessarily follows that we find no merit in appellant's contention that appellee is estopped to deny the full amount is not due and owing; nor can appellant complain that appellee was negligent in its failure to settle appellant's claim within the policy limits.

Affirmed.