Jesse S. CANO and Joyce Cano, Appellants,

v.

TRAVELERS INSURANCE COMPANY, Respondent.

No. 64639.

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

Rehearing Denied Sept. 20, 1983.

Robert K. Ball, II, Kansas City, for appellants.

James W. Benjamin, John R. Loss, Field, Gentry, Benjamin & Robertson, Kansas City, for respondent.

BLACKMAR, Judge.

This case was argued immediately following *Hines v. Government Employees Insurance Company,* 656 S.W.2d 262 (Mo. banc 1983). Much of what we say there is applicable here.

The plaintiff Jesse Cano was an automobile salesman employed by John Chezik Buick, Inc. (Chezik). He was furnished an automobile owned by his employer for business and personal use. He was allowed to take it home when he was off duty, and even to leave it at home while he was working.[1] There was evidence that the automobile was held out to him as a fringe benefit at the time he was hired. He apparently had no other family car. The car carried dealer plates issued to Chezik, and Jesse had access to other dealer's plates for use on demonstrator automobiles sometimes loaned to prospective customers.

The policy in question provided uninsured motorist coverage as to "any automobile owned by the Named Insured," which, of

---

1. The parties disagree as to whether it was appropriate for the trial court to consider depositions setting forth the facts as to the plaintiff's employment and the car made available to him by his employer. We decide the case on the basis that the depositions were appropriately considered.

course, was Chezik, and "any highway vehicle to which are attached dealer's license plates issued to the Named which are attached dealer's license plates issued to the Named Insured." The uninsured motorist provisions of the policy read as follows:

UNINSURED MOTORIST INSURANCE ENDORSEMENT

\* \* \* \* \* \*

A. INSURING AGREEMENT

Coverage U—Uninsured Motorist—Damages or Bodily Injury—The Travelers will pay all sums which the Insured \* \* \* shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; \* \* \*

\* \* \* \* \* \*

C. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

1. The Named Insured and any Designated Insured and, while residents of the same household, the spouse and relatives of either;

2. Any other person while occupying an insured highway vehicle; and

3. Any person with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under 1. or 2. above.

The insurance applies separately with respect to each insured, except with respect to the limits of The Travelers' liability.

D. LIMITS OF LIABILITY

Regardless of the number of (1) persons or organizations who are insureds under this policy, (2) persons who sustain bodily injury, (3) claims made or suits brought on account of bodily injury, or (4) highway vehicles to which this policy applies:

1. The limit of liability stated in the declarations is applicable to "each person" is the limit of The Travelers' liability for all damages because of bodily injury sustained by one person as a result of any one accident and, subject to the above provision respecting "each person", the limit of liability stated in the declarations as applicable to "each accident" is the total limit of The Travelers' liability for all damages because of bodily injury sustained by two or more persons as the result of a one accident.

\* \* \* \* \* \*

Jesse Cano, in the course of his employment, while driving an automobile owned by Chezik which was not the one furnished him for his own unrestricted use, had a collision with an uninsured motorist. He obtained a default judgment for $50,000 for his injuries and Joyce, his wife, obtained a separate judgment for $10,000 for loss of consortium. Jesse was paid workers' compensation benefits of $11,196.91 by the defendant insurance company, which also wrote the compensation insurance for Chezik. Jesse and Joyce sued claiming that there were at least five uninsured motorist coverages which could be stacked in order to respond to Jesse's judgment, that Joyce was also entitled to recover her judgment as an insured under the policy, and that the workers' compensation payments were not properly deducted from Jesse's entitlement under the uninsured motorist coverage. Because of the result we reach it is not necessary for us to set out the details as to the coverages which Jesse claims are available for stacking.

The defendant insurance company asserted that only one $10,000 coverage was available to respond to the judgments, and that it was completely offset by the workers' compensation payments. The trial court agreed with the insurance company and entered judgment against the plaintiffs. The Court of Appeals affirmed as to the stacking, held that Joyce could avail herself of the uninsured motorist coverage but that Jesse and Joyce together could only share

one $10,000 benefit, reversed as to the offset of workers' compensation payments, and remanded the case for the entry of a judgment consistent with its opinion. It then transferred the case here, where we decide it as though on original appeal.

## I. *Stacking*

█ *Hines* controls our decision on stacking. The plaintiffs seek to distinguish this case from the usual stacking case on the basis that one automobile was furnished to Jesse for personal use as a fringe benefit of his employment. They argue that this circumstance makes Jesse's situation comparable to that of the named insured in *Cameron Mutual Insurance Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976), who had purchased the coverage and who was held to be entitled to stack the uninsured motorist coverage on all vehicles owned by him by reason of the public policy made evident by § 379.203, RSMo 1978 requiring automobile liability policies to contain uninsured motorist coverage. We do not agree. The policy covered Jesse only while he was a driver of or passenger in an insured vehicle. He had no necessary claim for uninsured motorist coverage on account of any other vehicle owned by Chezik and insured under the governing policy. The coverage the named insured, Chezik, bargained for is not diluted by our conclusion. Just as in *Hines* we see no reason why the parties should not have the power to contract for the limitations on uninsured motorist coverage as set out in the policy, as to a person who is insured only when occupying an insured vehicle. Any contractual arrangement between Jesse and his employer would not bind the defendant insurance company. Nor is the method of computing the premium of particular significance.

█ It is argued, in line with an argument presented in *Hines,* that Jesse was an insured under the liability portions of Chezik's policy and that the statute requires that the owner furnish uninsured motorist coverage to all persons who are insured for liability. So it does, but Jesse was only an occupancy insured as to liability, and we find no requirement that he be furnished uninsured motorist coverage in excess of the limits on the vehicle he occupied at the time of the accident. The cases cited do not come close to ruling the point. *Surface v. Ranger Insurance Co.,* 526 S.W.2d 44 (Mo. App.1975) and *Famuliner v. Farmers Insurance Co.,* 619 S.W.2d 894 (Mo.App.1981), simply hold that family members resident in the vehicle owner's home do not have to be named as insured in automobile liability policies. *Waltz v. Cameron Mutual Insurance Co.,* 526 S.W.2d 340 (Mo.App.1975), holds that an occupant who is not an owner does not have to be named as an insured. *Otto v. Farmers Insurance Co.,* 558 S.W.2d 713 (Mo.App.1977), holds that liability coverage survives the disposal of the only insured automobile by the named insured because it covers him while driving other vehicles, and that a provision that uninsured motorist coverage ceased when liability coverage ceased was not triggered by the disposal. None of these cases supports the proposition that a person who is insured for liability must be able to stack uninsured motorist coverage on other vehicles owned by the named insured.

## II. *Deduction of Workers' Compensation Payments*

We agree with the conclusion of the Court of Appeals that the trial court erred in allowing the workers' compensation payments to Jesse to be offset against the uninsured motorist coverage. Travelers, in advancing its contention, expressly disclaims any purpose of asserting subrogation rights, but rather relies on the policy provisions. In the ensuing discussion we make use of portions of Judge Kennedy's opinion without the use of quotation marks.

█ Travelers maintains that it is entitled to set off the workmen's compensation payments because of the following language in the policy:

2. Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is an Insured under this insurance shall be reduced by:

\* \* \* \* \* \*

(b) The amount paid and the present value of all amounts payable on account of such bodily injury under any Worker's Compensation law, disability benefits law or any similar law.

Travelers' position on this point is defeated by *Douthet v. State Farm Mutual Automobile Insurance Co.,* 546 S.W.2d 156 (Mo. banc 1977). In *Douthet,* the uninsured motorist carrier undertook to deduct workers' compensation payments received by the plaintiff. The terms of its policy, like the one before us, provided for such a deduction. This Court held that the provision violated § 379.203 and so was invalid. 546 S.W.2d at 159–60. The deduction of the workers' compensation benefits was not permitted.

Travelers says that *Douthet* is not controlling, because in our case Travelers was both the workers' compensation carrier and the uninsured motorist carrier. It points to language in the *Douthet* opinion, as follows: "In this case, the defendant did not create or pay for and was not the source of the workmen's compensation payments received by plaintiff." 546 S.W.2d at 159–60. By that language, Travelers says, the Court was distinguishing between a case in which two different insurance companies were carrying the uninsured motorist and the workers' compensation coverage, and one such as this one, in which the same company was carrying both. We do not think, however, that the quoted language was intended to narrow the holding of the case as Travelers contends, or to rule on an issue which was not involved in the case then before the Court. The nub of the *Douthet* opinion is contained in the following paragraph:

> The holdings in *Cameron, Galloway* and *Webb* that § 379.203 requires that coverage in the amounts required by the Safety Responsibility Law not be diminished by contractual limitation, absent express statutory authority therefor, govern the outcome of this case. It would violate the public policy expressed in § 379.203 to permit diminution of coverage by requiring credit for workmen's compensa-

tion payments. Hence, we hold that the policy provision requiring reduction of sums payable under the policy by workmen's compensation payments is void. 546 S.W.2d at 159.

We hold on the basis of *Douthet* that the policy language quoted above, reducing the uninsured motorist liability by the amount of workers' compensation benefits, was ineffective because of the public policy implicit in § 379.203, and that Travelers is not entitled to offset the workers' compensation benefits paid to Jesse against its liability under the uninsured motorist coverage. Because *Douthet* rules the points so clearly, there is no occasion to consider cases from other states.

Item 3 of the "exclusions" under Part B, quoted above, provides that the uninsured motorist coverage is not to "inure directly or indirectly to the benefit of any worker's compensation ... carrier." The word "any" is not qualified so as to exclude Travelers, and, if the setoff here claimed were allowed, there would surely be an indirect benefit to Travelers. These policy provisions fortify our conclusion that the automobile insurance and the worker's compensation coverage were effected by separate insurance contracts and that the setoff should not be allowed.

### III. *Joyce's Entitlement*

We conclude, contrary to both the Circuit Court and the Court of Appeals, that Joyce Cano is entitled to $10,000 of uninsured motorist coverage in addition to Jesse's entitlement, on account of her judgment for loss of consortium.

■ Joyce Cano's claim was included in the uninsured motorist coverage. Travelers is wrong when it says that the fact that she was not occupying the insured automobile rendered her "ineligible for coverage." The contract includes her as a "Person Insured" when it concludes: "3. any person with respect to damages he is entitled to recover because of *bodily injury* to which this insurance applies sustained by an *insured* under ... 2. above" because Jesse was a "person ... occupying an insured highway vehicle."

Furthermore, the language goes ahead at once to say, "The insurance applies separately with respect to each *insured,* except with respect to the limits of The Travelers' liability." [2] This language buttresses the inclusion of Joyce's claim in the uninsured motorist coverage.

The Court of Appeals held, however, that the policy provisions which limit the insurance company's liability to a total of $10,000 for "all damages because of bodily injury sustained by any one person as a result of any one accident" mean that Jesse, for his personal injuries, and Joyce, for loss of consortium, may not recover together more than $10,000 on account of the accident for which they recovered judgments. We do not agree.

There is a problem of interpretation in the policy language just quoted. If the participle "sustained" is read as referring to "damages" then Joyce's damages, as well as Jesse's, would be covered, inasmuch as a person entitled to damages on account of bodily injury to another is explicitly named as an insured in the policy. If "sustained" is to be read as modifying "bodily injuries," then the conclusion of the Court of Appeals would be correct. It is not unusual to speak both of "damages sustained" and of "injuries sustained." One circumstance is that the participle is closer to "injuries" than it is to "damages." This might indicate that it modifies the nearest noun. But this circumstance is not a very strong one, especially when one considers that Joyce is clearly within the third "insured" classification of the policy and that a limiting construction might dilute or eliminate any effective coverage for persons in her position. A construction which may render a portion of the policy illusory should not be indulged in.

We conclude that there is an ambiguity which should be resolved against the insurer. *Bellamy v. Pacific Mutual Life Insurance Co.,* 651 S.W.2d 490 (Mo. banc 1983), is the most recent of the many cases expounding this proposition. We hold, therefore, that Joyce is entitled to recover $10,000 of uninsured motorist benefits, in addition to Jesse's entitlement.

The judgment is affirmed insofar as it limits Jesse to one coverage of $10,000 on account of uninsured motorist benefits. Those portions allowing the defendant to offset workers' compensation payments to Jesse, and denying Joyce a separate $10,000 uninsured motorist benefit, are reversed and the case is remanded for the entry of a new judgment consistent with this opinion.

RENDLEN, C.J., HIGGINS, GUNN, BILLINGS and DONNELLY, JJ., and MORGAN, Senior Judge, concur.

WELLIVER, J., not sitting.

ON MOTION FOR REHEARING

PER CURIAM.

The appellants and the respondent both file motion for rehearing.

The appellants' motion suggests that we have departed from the principle of liberal construction which is appropriate for remedial statutes such as § 379.203, RSMo Supp.1982, and from the teachings of *Cameron Mutual Insurance Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976). *Cameron Mutual,* however, was not based on a construction of the governing statute, but rather on our analysis of the underlying policy of a statute which did not provide an explicit answer within its four corners to the question presented. There should be some hesitation in implying terms which the legislature did not specify.

The respondent's motion goes only to Part III of the opinion. It argues that we have overlooked established authority in holding that there is an ambiguity as to whether the limits of liability apply separately to claims of all persons arising out of a single bodily injury, including claims for loss of services. It relies primarily on *United States Fidelity and Guaranty Company v. Safeco Insurance Company of America,* 522 S.W.2d 809 (Mo. banc 1975). Contrary

**2.** Emphasis is supplied in all quotations in this paragraph.

to respondent's suggestion, however, the cases do not involve "essentially the same language," but demonstrate a sharp distinction. The language in *Safeco* refers expressly to "damages for loss of services." The policy there involved stated explicitly something the policy before us lacks.

Respondent also cites numerous cases from other states. Most of these make express reference to damages for loss of services.[1] Two others cite and appear to rely on cases which do.[2] The remaining cases involve language very different from the language of the policy now before us.[3]

What the respondent's citations show is that it is possible to write policy language that is clearer than the language respondent has chosen to use. *Cf.* the language used in *Hines v. Government Employees Insurance Co.*, 656 S.W.2d 262 (Mo. banc 1983).

The motions for rehearing are overruled.

RENDLEN, C.J., HIGGINS, GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., and MORGAN, Senior Judge, concur.

WELLIVER, J., not sitting.

---

1. *Sheffield v. American Indemnity Co.*, 245 S.C. 389, 140 S.E.2d 787 (1965); *Smith v. Cassida*, 403 Pa. 404, 169 A.2d 539 (1961); *Bernat v. Socke*, 180 Pa.Super. 512, 118 A.2d 253 (1955); *Napier v. Banks*, 9 Ohio App.2d 265, 224 N.E.2d 158 (1967); *Hutton v. Martin*, 43 Wash.2d 574, 262 P.2d 202 (1953); *West American Insurance Co. v. Buchanan*, 11 Wash.App. 823, 525 P.2d 831 (1974); *Gass v. Carducci*, 52 Ill.App.2d 394, 202 N.E.2d 73 (1964); *State Farm Mutual Automobile Insurance Co. v. Hodges*, 221 Ga. 355, 144 S.E.2d 723 (1965); *Holtz v. Mutual Service Casualty Co.*, 264 Minn. 121, 117 N.W.2d 767 (1962); *Yancey v. Utilities Insurance Co.*, 23 Tenn.App. 663, 137 S.W.2d 318 (1939); *Bulman v. Bulman*, 271 Wis. 286, 73 N.W.2d 599 (1955). *Cf. Ehlers v. Gold*, 169 Wis. 494, 173 N.W. 325 (1919).

2. *Smith v. State Farm Mutual Automobile Insurance Co.*, 252 Ark. 57, 477 S.W.2d 186 (1972); *Travelers Indemnity Co. v. Cornelsen*, 272 Md. 48, 321 A.2d 149 (1974); *Universal Underwriters Insurance Corp. v. Reynolds*, 129 So.2d 689 (Fla.Dist.Ct.App.1961), in which the opinion does not set out the policy language, but relies on *New Amsterdam Casualty Co. v. Hart*, 153 Fla. 840, 16 So.2d 118 (1943), involving policy language similar to that of the cases cited in footnote 2, *supra*.

3. *Perkins v. Fireman's Fund Indemnity Co.*, 44 Cal.App.2d 427, 112 P.2d 670, 671 (1941), "… the limit of the company's liability on account of bodily injuries to or the death of one person …"