**INTEGRITY INSURANCE COMPANY, Respondent,**

v.

**Christopher NALEWAY and Elizabeth Naleway, Appellants.**

**No. 37929.**

Missouri Court of Appeals, Western District.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1986.

Application to Transfer Denied Nov. 18, 1986.

William H. Pickett, Kansas City, for appellants.

Hollis H. Hanover, Kansas City, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

BERREY, Presiding Judge.

Christopher Naleway and his mother, Elizabeth Naleway, appeal from a circuit court ruling in this declaratory judgment action brought by Integrity Insurance Company (hereinafter Integrity) to determine whether the language of the insurance policy owned by David A. Criner covers a claim sought by Elizabeth Naleway.

On September 1, 1983, Christopher Naleway sustained personal injuries in an automobile accident with David Criner. Criner is the named insured on an automotive insurance policy issued by Integrity. The policy states that *"we will pay damages for bodily injury or property for which any covered person becomes legally responsible because of an auto accident."* (Emphasis added.) Criner was a "covered person" as defined by the policy. The liability coverage for bodily injury was $25,000 per person and $50,000 per accident.

On October 24, 1984, Christopher Naleway filed a petition for damages in Jackson County Circuit Court alleging Criner, through his tortious actions, was responsible for his personal injuries, and sought an amount in the excess of $25,000. In March, 1985, Elizabeth Naleway, Christopher's mother, intervened in the lawsuit and sought damages for medical expenses she incurred for the treatment of her son's injuries and for the recovery for the loss of services; her damage claim was in the amount of $25,000.

Integrity filed a motion for summary judgment contending its liability, by the language of the policy, is limited to the $25,000 per person cap rather than the $50,000 per accident limitation. The trial court granted Integrity's motion and this appeal ensued.

In their only point on appeal, the Naleways contend the policy language, "we will

pay damages for bodily injury ... for which any covered person becomes legally responsible," is ambiguous and is subject to interpretation and should therefore be construed against the insurer to include the mother's claim for damages. They rely chiefly on *Cano v. Travelers Insurance Co.*, 656 S.W.2d 266 (Mo. banc 1983), for support.

This court agrees with the trial court's conclusion that *Cano v. Travelers Insurance, supra,* is not controlling. In *Cano v. Travelers Insurance Co., supra,* 656 S.W.2d at 271, the court found the policy language limiting the insurance company's liability to $10,000 for "all damages because of bodily injury sustained by any one person as a result of any one accident" was ambiguous. The court reasoned that if the participle "sustained" referred to "damages" then the injured party's wife was entitled to $10,000 on her claim of loss of consortium in addition to the husband's $10,000 damage claim for bodily injury. If, however, "sustained" was read to modify "bodily injury" then the wife would be denied her claim for damages. Because of the existence of this ambiguity on the limitation of coverage, the court found any doubt should be resolved in favor of the insured and the claim should be allowed. *Id.*

In the instant case, the policy language states clearly and unambiguously the extent of the insurance company's liability. Integrity is responsible for "damages for bodily injury" to a maximum of $25,000 per person. When a person sustains "bodily injury," his damages may include an amount for the reasonable medical expenses, *Wilcox v. Swenson*, 324 S.W.2d 664, 673 (Mo.1959), and, if he is of age, an amount for his loss of services; the later being proved by the loss of personal earnings or wages. *Seymour v. House*, 305 S.W.2d 1, 3 (Mo.1957). There can be no argument that all such "damages for bodily injury" is subject to the damage limit for one person under Integrity's policy. Likewise, in the instant case although two persons may have incurred damages from the bodily injury of one person, they are no less subject to the $25,000 limitation for damages for bodily injury to one person.

In sum, this court is without power to rewrite the insurance contract as the language is clear and unambiguous, *Madison Block Pharmacy v. U.S. Fidelity*, 620 S.W.2d 343, 346 (Mo. banc 1981); *Briggs v. State Farm Fire and Casualty Co.*, 680 S.W.2d 444, 445 (Mo.App.1984). Accordingly, the judgment of the trial court is affirmed.

All concur.