Benita M. PETERS, Respondent,

v.

FARMERS INSURANCE COMPANY, INC., Appellant,

and

Michelle MERRITT, a minor, b/n/f Benita M. Peters, Respondent,

v.

FARMERS INSURANCE COMPANY, INC., Appellant.

No. 68743.

Supreme Court of Missouri, En Banc.

March 17, 1987.

Rehearing Denied April 14, 1987.

Lance W. LeFevre, Kansas City, for appellant.

Albert J. Yonke, Susan Duncan Lore, Kansas City, for respondent.

BLACKMAR, Judge.

Michelle Merritt, a minor, was seriously injured in a collision between a motorcycle, on which she was a passenger, and an automobile. The driver of the motorcycle whose negligence was alleged to have caused the accident was an uninsured motorist. Michelle sued the family insurance carrier, and her mother, Benita Peters, also sued the insurer for expenses and loss of services. The insurer claimed that its total liability to both plaintiffs could not exceed the "each person" dollar limitations stated in its policies. The circuit court held that each plaintiff could recover such damages as she could establish, for an aggregate recovery of up to the "each occurrence" limits of each policy. The court of appeals reversed by a divided vote, and Judge Pritchard certified the case to this Court, asserting that the majority opinion conflicted with *Cano v. Travelers Insurance Co.*, 656 S.W.2d 266 (Mo. banc 1983). We do not believe that there is conflict and reverse, finding that the stated limits apply to all claims resulting from Michelle's injuries.

Two automobile insurance policies are involved, one issued to Billy J. Peters, Michelle's stepfather, and one issued to Billy J. Peters and Benita Peters. Michelle is an insured under both policies because she is a relative of the named insured, resides in the household of the named insured, and does not own a motor vehicle. Benita is also an insured under both policies.

By reason of § 379.203, RSMo 1986, each policy must provide uninsured motorist coverage. The minimum amount of coverage required is set forth in § 303.030.5, RSMo 1986, which provides in pertinent part as follows:

[E]very such policy ... is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident,....

The company concedes that the coverage of the two policies may be stacked so that each plaintiff may collect under both policies. It however argues that its maximum liability under each policy is $25,000; thus $50,000 would be the full extent of its possible exposure. The plaintiffs, on the other hand, contend that Michelle may recover up to $25,000 under both policies, for a total possible recovery of $50,000, and that Benita may also receive for her damages, up to that amount. Under the plaintiffs' theory, the company's maximum liability would be $100,000.

The limitation provisions of the policies are identical, and read as follows: (Part II, Coverage C)

**LIMITS OF LIABILITY**

(a) The limits of the Company's liability, unless otherwise stated in the Declarations, shall be the limits of bodily injury liability required by any motor vehicle financial responsibility law of the state, province or territory in which the named insured resides. In the event there is no such applicable motor vehicle financial responsibility law, the limit of the Company's liability shall be $5,000 on account

of bodily injury sustained by one insured as a result of any one accident and subject to the above provision respecting one insured, shall be $10,000 on account of bodily injury sustained by two or more insureds as the result of any one accident. Insurance applies separately to each insured, but the inclusion of more than one insured shall not increase the limits of the Company's liability.

The $5000 figure is archaic, by reason of the 1981 amendments to § 303.030.5, which raised the minimum figure to $25,000. The provision just quoted recognizes that coverage is governed by law and adopts the statutory figure. The company argues that, by the language of this clause, the limitation provisions apply to the claims of all persons on account of bodily injuries to Michelle, which are the only injuries involved in this case.

The plaintiffs argue that the language is ambiguous. They point first to the declarations of the policy as follows:

| Bodily Injury | P.D. | | U.M. | | |
|---|---|---|---|---|---|
| * | * | * | * | * | * Entries in |
| 25 | 50 | 10 | 25 | 50 | thousands |
| Each | Each | | Each | Each | of dollars |
| Person | Occurrence | | Person | Occ. | |

They next rely on the following language from the first paragraph of Part II, Coverage C:

> To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle; ....

Even though the plaintiffs rely on *Cano v. Travelers Insurance Co., supra,* the cases are not the same. In *Cano,* we found that the following language was ambiguous:

> 1. The limit of liability stated in the declarations as applicable to "each person" is the limit of The Travelers' liability *for all damages because of bodily injury sustained by one person* as a result of any one accident and, subject to the above provision respecting "each person", the limit of liability stated in the declarations as applicable to "each accident" is the total limit of The Travelers' liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident. (Emphasis added).

*Cano,* 656 S.W.2d at 268.

The policies now before us do not present the problem of nouns and modifiers which led us to hold that *Cano* contained ambiguous language. What we now must decide is whether the present policy language is reasonably susceptible to a construction such as the plaintiffs would place on it.

We do not believe that the policy language is ambiguous. This language must be read as a whole. There would be a problem if benefits clearly conferred at one point were sought to be taken away or cut down at another, but that situation is not present here. The insuring clause and the limitation clause are close together in the policy; both coming under the heading "Part II, Coverage C/Benefits for Bodily Injury Caused by Uninsured Motorists". The "declarations" are introductory only and subject to refinement and definition in the body of the policy. The "applies separately" clause of the limits of liability provision specifically excludes "the limits of the Company's liability" from its application.

The first paragraph of Part II, Coverage C bears a superficial resemblance to the language which we found ambiguous in *Cano,* but there is a significant difference.

In *Cano,* the policy referred to "damages because of bodily injury sustained by one person." We held that "sustained" could be read as applying either to "damages" or to "bodily injury," and opted for the construction favorable to the insured. The present language reads, "damages to the insured because of bodily injury sustained by the insured." This language does not admit of the *Cano* construction, and imposes no obstacle to the application of the limits of liability clause.

The pertinent part of the limits of liability clause consists of two sentences. The one which controls in this situation is the first one, which adopts the provisions of the state's financial responsibility law. The terms of that law are quoted above, and clearly do not require the company to provide more than $25,000 coverage for the claims of all insured arising out of bodily injuries to any one insured. The second sentence of the clause applies by its terms only when there is no legal requirement for uninsured motorist coverage and so, by literal reading, has no application here. The phrase, "bodily injury sustained by one insured," moreover, is clear and unambiguous.

We find no indication that the insurer, in the policy language, held out or suggested coverage in excess of that required by the statutory limits. There is no conflict with *Cano.* Our conclusion is consistent with *Integrity Insurance Company v. Naleway,* 719 S.W.2d 24 (Mo.App.1986) and with *Lumley v. Farmers Insurance Company, Inc.,* 716 S.W.2d 455 (Mo.App.1986).

The judgments are reversed and the case is remanded for further proceedings consistent with this opinion.

DONNELLY, WELLIVER and ROBERTSON, JJ., concur.

BILLINGS, J., dissents in separate opinion filed.

HIGGINS, C.J., and RENDLEN, J., dissent and concur in separate dissenting opinion of BILLINGS, J.

BILLINGS, Judge, dissenting.

Because I agree with the dissenting opinion of Pritchard, J., of the Western District, I dissent from the principal opinion herein and adopt the dissenting opinion, without quotation marks, filed by Judge Pritchard which is as follows:

The declarations on the front pages of each of the two policies of automobile insurance here involved are as follows:

| Bodily Injury | | P.D. | | U.M. | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | | |
| 25 | 50 | 25 | 25 | 50 | * Entries in |
| Each | Each | | Each | Each | thousands |
| Person | Occurrence | | Person | Accident | of dollars |

Benita M. Peters is a specifically named insured along with her husband, Billy J. Peters, in one policy. She is also a defined named insured by reason of being the spouse of and a resident of the same household of Billy J. Peters who is listed as a specifically named insured on the other policy. Michelle Merritt is the minor daughter of Benita, unmarried, who resides in her household and does not own an automobile. Michelle, by definition under the policies, is also a named insured thereunder.

Under Part II Coverage C, "Benefits for Bodily Injury Caused by Uninsured Motorists," under both policies appellant agreed "to pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident, and arising out of the ownership, maintenance or use of such uninsured motor vehicle; * * *."

The limits of liability under Part II Coverage C are stated in the policies to be,

"The limits of the Company's liability, unless otherwise stated in the declarations, shall be the limits of bodily injury liability required by any motor vehicle financial responsibility law of the state, province or territory in which the named insured resides. In the event there is no such applicable motor vehicle financial responsibility law, the limit of the Company's liability shall be $5,000 on account of bodily injury sustained by one insured as a result of one accident and, subject to the above provision respecting one insured, shall be $10,000 on account of bodily injury sustained by two or more insureds as the result of any one accident."

Missouri's Financial Responsibility Law is embodied in Section 303.030.5, RSMo., Cum.Supp. (amended by L.1981, p. 429, Section 1) . In pertinent parts, it provides: " * * * provided, however, every such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interests and costs, of not less than twenty-five thousand dollars because of bodily injury or death of one person in any one accident and, subject to the limit for one person, to a limit of not less than fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to or destruction of property, to a limit of not less than ten thousand dollars because of injury to or destruction of property of others in any one accident."

Here the first page declarations for liability insurance coverage for damages clearly states that it is *bodily injury* to any person for which an insured becomes legally obligated to pay arising out of the ownership, maintenance or use, which *bodily injury* is limited to $25,000 each person and $50,000 each occurrence. No such limitation of *bodily injury* for each person or each accident is set forth in the uninsured motorists declarations. As respondents pointed out in oral argument, and by supplemental letter to this court it would have been relatively easy for appellant to have clarified its uninsured motorist provision, as suggested in *Cano v. Travelers Insurance Co.,* 656 S.W.2d 266, 272 (Mo. banc 1983) by use of language such as "The

amount of coverage is shown on the declarations page under 'Limits of Liability, U.M. Each Person, Each Accident.' Under 'Each Person' is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to *bodily injury* to one *person.*" *See also* the clear language of the uninsured motorist provision set forth at page 264 of *Hines v. Government Employees Ins. Co.,* 656 S.W.2d 262 (Mo. banc 1983).

In this case Michelle Meritt clearly has a cause of action for her damages against the uninsured motorcyclist, McCray, for her own bodily injuries occasioned by his negligence. Her mother, Benita M. Peters, also clearly has a cause of action for her damages against McCray for her losses for services and medical care for her minor, unmarried daughter, Michelle, which is entirely separate from the claim of the latter for her damages for personal injuries. "When an infant is wrongfully injured, two distinct causes of action accrue—one to the infant for the elements of damage from person injury and another in favor of the parent for certain items, including medical expenses." *Garrison v. Ryno,* 328 S.W.2d 557, 564 (Mo.1959); *Hufft v. Kuhn,* 277 S.W.2d 552, 555 [4, 5] (Mo.1955); and *Warner v. Pruett,* 599 S.W.2d 207, 210 [3] (Mo.App.1980). Both the policy here and Section 303.030.5, provide for limits of $25,000 for the bodily injury to one person and $50,000 for bodily injury to two or more persons, subject to the limits respecting one person. The policies here also contain the clause, "Insurance applies separately to each insured, but the inclusion of more than one insured shall not increase the limits of the Company's liability." What this latter clause means is that Michelle's recovery is limited to $25,000, and Benita's recovery is likewise limited to $25,000 under each of the two policies of uninsured motorist coverage.

The Uninsured Motorist Insuring Agreement, set forth at page 268 of the *Cano* case, is practically identical with the benefits set forth in Part II, Coverage C, set forth above, in these words:

... to recover *as damages* from the owner or operator of an uninsured highway vehicle because of *bodily injury sus-*

*tained* by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; * * * (Italics added.)

At page 271 [5, 6], the *Cano* court took up an interpretation of the italicized words, saying:

> If the participle 'sustained' is read as referring to 'damages' then Joyce's damages [for loss of consortium, a separate cause of action, as here], as well as Jesse's, would be covered, inasmuch as a person entitled to damages on account of bodily injury to another is explicitly named as an insured in the policy. If 'sustained' is to be read as modifying 'bodily injuries' then the conclusion of the Court of Appeals would be correct. It is not unusual to speak both of 'damages sustained' and of 'injuries sustained.' One circumstance is that the participle is closer to 'injuries' than it is to 'damages.' This might indicate that it modifies the nearest noun. But this circumstance is not a very strong one, especially when one considers that Joyce [the same as Benita here] is clearly within the third 'insured' classification of the policy and that a limiting construction might dilute or eliminate any effective coverage for persons in her position. A construction which may render a portion of the policy illusory should not be indulged in."

The *Cano* court determined that there was an ambiguity which should be resolved against the insurer, citing *Bellamy v. Pacific Mutual Life Insurance Co.*, 651 S.W.2d 490 (Mo. banc 1983), and reversed and remanded the case to allow Joyce a $10,000 judgment on her claim in addition to Jesse's recovery on his claim for $10,000 for his own injuries.

The majority opinion relies upon *Integrity Insurance Company v. Naleway*, 719 S.W.2d 24 (Mo.App.1986). That case is not in point and is clearly distinguishable from this case and the *Cano* case. In *Integrity*, the plaintiff, Christopher Naleway was injured by reason of the negligence of David Criner who was the [only] named insured on his own automobile liability policy. He was the only *covered person* on his policy which provided that damages for bodily injured would be paid where he became legally responsible. It was properly held, that since there was but one cause of action under the policy for bodily injury to one person, Christopher's mother could not recover for her damages for medical expenses she incurred for her son's injuries. The majority opinion also relies upon *Lumley v. Farmers Insurance Company, Inc.*, 716 S.W.2d 455 (Mo.App.1986). That case involved a wrongful death for which there was but one cause of action, which is indivisible, and the policies did not mention "damages" but instead stated a limit "because of bodily injury to or death of." Neither the *Integrity* case nor the *Lumley* case involved separate distinct claims, under the uninsured motorist coverages as here and in the *Cano* case.

Just as in the *Cano* case, the policies here are ambiguous and must be construed against appellant. In this respect, the majority opinion is in conflict with the *Cano* case.

No question is presented as to the trial court's action in stacking the coverages. The judgment should be affirmed.

For the reasons stated, I dissent from the majority opinion herein.