Michael E. McCausland, Kansas City, for appellant.

Randall D. Crawford, Kansas City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

This appeal is initiated by defendant St. Paul Mercury Insurance Company (St. Paul) from a trial court order sustaining plaintiff Mary Anderson's Motion for Summary Judgment. The issue involved is whether policy language is ambiguous and susceptible of allowing a consortium claim in addition to payment of maximum "each person" amounts. The judgment is affirmed.

On April 4, 1989, Mary Anderson filed a Petition for Declaratory Judgment, seeking a ruling from the court determining that the policy of automobile insurance issued by St. Paul was ambiguous and provided additional coverage for her loss of consortium claim. The policy had been issued to

Mary ANDERSON, Respondent,

v.

ST. PAUL MERCURY INSURANCE COMPANY, Appellant.

No. WD 42650.

Missouri Court of Appeals, Western District.

July 24, 1990.

St. Paul's insured who was involved in an automobile accident with Mary's husband, Ralph Anderson. Mr. Anderson had previously settled with St. Paul for the per person policy limit of $100,000. The liability coverage provided was $100,000 for each person and $300,000 per occurrence. The pertinent language of the policy is as follows:

> The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for *all damages for bodily injury sustained* by any one person in any one auto accident. (Emphasis added)

Each side sought summary judgment. The trial court sustained Mary Anderson's motion, finding that the policy language in question could be interpreted such that the participle "sustained" could be read as referring to "damages" or "bodily injury" and therefore concluded the policy was ambiguous. The trial court resolved such ambiguity against St. Paul, the preparer of the contract, allowing an additional per person limit of $100,000 for Mary Anderson's loss of consortium claim.

■ It is useful to understand why this ambiguity is of importance in the insurance policy. Under policies fixing a maximum recovery for "bodily injury" to one person, it is held the limitation is applicable to all claims of damage flowing from such bodily injury, therefore, it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. All damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation. *Annotation, Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person,* 13 ALR3d 1228, 1234 (1967); *United States Fidelity and Guaranty Co. v. Safeco Ins. Co. of America,* 522 S.W.2d 809, 821, n. 6 (Mo. banc 1975). Alternatively, under policies where the limitations on recovery are written in terms of maximum recovery for "personal injury" or "damages" to one person, rather than "bodily injury," courts have held that liability for consequential damages suffered by one

other than the person directly, physically injured, might be treated as a separate claim for purposes of applying the limitation provision, so there could be recovery for the consequential damages notwithstanding payment of the maximum for the direct injury. 13 ALR3d at 1244.

■ The sole question on this appeal is whether the language "all damages for bodily injury sustained" is ambiguous, therefore allowing additional coverage for Mary Anderson's loss of consortium claim. We find it is, following the prior decisions of *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266 (Mo. banc 1983) and *Spaete v. Auto Club Inter–Ins. Exchange,* 736 S.W.2d 480 (Mo.App.1987).

In *Cano,* the Missouri Supreme Court found language contained in an automobile insurance policy, language nearly identical to that of the policy issued by St. Paul, to be ambiguous and accordingly construed such language against the insurer. *Cano, supra,* at 271. The policy read in pertinent part:

> The limit of liability stated in the Declarations is applicable to "each person" is the limit of the Traveler's liability for *all damages because of bodily injury sustained* by one person as a result of any one accident ... (Emphasis added)

The court found the policy language emphasized to be ambiguous. It explained that if the participle "sustained" referred to "damages" rather than "bodily injury," the injured party's wife was entitled to additional coverage on her claim of loss of consortium in addition to the husband's claim for bodily injury. The court resolved the ambiguity against the insurer and found the wife entitled to additional coverage. *Cano, supra,* at 271.

The Eastern District in *Spaete* was faced with the same question, only the parents of an injured child were asking for additional coverage. The policy language was *identical* to that of the St. Paul policy in the case at hand:

> The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for *all damages for bodily injury*

*sustained* by any one person in any one auto accident. (Emphasis added).

Following the reasoning applied in *Cano,* the court found the "each occurrence" rather than the "each person" limit should apply. *Spaete, supra,* at 482. "The phrase 'for all damages for bodily injury sustained by any one person' results in the same ambiguity as that found in *Cano* as to whether 'sustained' refers to 'damages' or 'bodily injury.'" *Id.* Although St. Paul disagrees with *Spaete,* the court has no reason to dispute such a conclusion in this case.

St. Paul's reliance on *Integrity Insurance Co. v. Naleway,* 719 S.W.2d 24 (Mo. App.1986), is erroneous. The Integrity policy read:

> We will pay damages for bodily injury or property for which any covered person becomes legally responsible because of an auto accident.

The court found this language to be clear and unambiguous, and limited Integrity's liability. *Integrity, supra,* at 25. The court also concluded *Cano* was not controlling, apparently finding the policy language in that decision too different to be of use. For the same reason, *Integrity* is not controlling in the case at bar. The policy there does not contain the ambiguous language found in St. Paul's policy: damages for bodily injury v. all damages for bodily injury sustained. For such reason, *Integrity* is of no help. *See Spaete, supra,* at 483.

Finally, St. Paul argues that if the policy is read as a whole, no ambiguity exists. Part A–Liability Coverage/Insuring Agreement states St. Paul is responsible for "damages for bodily injury," the same language the *Integrity* court found to be unambiguous. However, throwing this in the caldron only adds to the confusion of the overall policy. Stating in one paragraph, "We will pay damages for bodily injury," then stating in another the "limit of liability [is] *for all damages for bodily injury sustained*" is not deemed clear and concise.

The judgment is affirmed.