**William Ronald BARKER and Delores Barker, Respondents,**

and

**H & J Transporters, Inc., and American States Insurance Company, Intervenors–Appellants,**

v.

**Raymond PALMARIN, Defendant,**

and

**John Scharff and Northland Insurance Company, Defendants–Respondents.**

No. WD 42719.

Missouri Court of Appeals, Western District.

Sept. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1990.

Application to Transfer Denied Dec. 18, 1990.

George G. Allen, Jr., Kansas City, for Intervenors–Appellants.

Andrew Jay Gelbach, Warrensburg, for respondents.

Rhonda Jean Kattelman, St. Louis, for defendant.

John C. Milholland, Kevin K. Anderson, Harrisonville, for defendant-respondent John Scharff.

Donald C. Bollard, Mark E. Jones, Mark E. Harris, Kansas City, for defendant-respondent Northland Ins. Co.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

LOWENSTEIN, Presiding Judge.

This case is between two insurance companies. The issue is whether the workers' compensation statutes allow the employer's

compensation carrier, which has paid benefits to an employee, to subrogate its claim against an automobile liability carrier, which is obligated to pay under its uninsured motorist clause.

The employee Barker was driving a truck owned by a Shandy Stewart and leased to his employer-appellant H & J Transporters, Inc. H & J had compensation insurance with intervenor-appellant American States Insurance Company (American). Northland Insurance (Northland), a defendant-respondent issued a policy of insurance with the mandated underinsured motorist coverage, to both Shandy Stewart and H & J. The coverage on each policy was up to $50,000 per accident. This appeal concerns only the $50,000 policy including uninsured coverage, issued by Northland to Barker's employer, H & J.

Defendant-motorist Scharff, uninsured, driving in the opposite direction of Barker, turned left in front of him. A few seconds later, defendant-motorist Palmarin, who was following Scharff, drove into Barker's lane causing his injury. Dairyland Insurance Company insured Palmarin ($25,000–$50,000 limits). Dairyland tendered the policy limit to Barker and American. The appellant, Barker's employer's compensation carrier, has paid over $57,000 in benefits to Barker, and, with its insured, the employer, has intervened in Barker's suit against Scharff, Palmarin and Northland. As stated earlier, this battle is between American (the compensation carrier) and Northland (the uninsured carrier). This particular appeal covers the American petition against Northland for up to the amount of any sums Northland may pay Barker on the uninsured coverage. The trial court rendered summary judgment in favor of Northland. Under Rule 74.01(b) this judgment was determined final for purposes of appeal. The applicable statute is § 287.150, RSMo 1986, which is contained in the chapter on Workers' Compensation and which reads in pertinent part:

> "Where a third person is liable to the employee ... for the injury ... the employer shall be subrogated to the right of the employee ... against such third person ..."

The trial court construed that this section did not intend to make "Northland a 'third person' liable to the employee for injuries of the plaintiff."

## I.

Both sides acknowledge there are no appellate cases construing whether § 287.150 contemplates a "third person" to include an insurance company obligated to pay uninsured benefits to an injured employee. As might be expected, other jurisdictions go each way, but the majority of states have ruled the compensation carrier may not subrogate as against the uninsured carrier. Larson The Law of Workmen's Compensation, § 71.23, Vol. 2A, 1989. Because of a public policy enunciated by our Supreme Court in *Cano v. Travelers Insurance Company*, 656 S.W.2d 266, 269–70 (Mo. banc 1983), discussed in Part II of this opinion, *infra*, and because this court feels the majority analysis is correct, the court rules the uninsured carrier is not a "third person" liable to the employer or its compensation carrier.

Statutory language on compensation subrogation rights differs among states, but most states hold that subrogation rights do not extend to actions arising under uninsured motorist policies because "... subrogation is allowed only for actions in tort; and actions based on uninsured motorist policies sound in contract, not tort." *Knight v. Insurance Co. of North America*, 647 F.2d 127, 128 (10th Cir.1981); *State Comp. Ins. Fund v. Commercial, Etc.*, 631 P.2d 1168, 1169 (Colo.App.1981); *Jones v. Firemen's Relief & Pension Bd.*, 48 Wash.App. 262, 738 P.2d 1068 (1987). A payment made on a contractual obligation is not a payment of damages. *Knight, supra*, at 129.

This court believes compelling, the following language from *Travelers Ins. Co. v. National Farmers U. Prop. & C. Co.*, 252 Ark. 624, 480 S.W.2d 585, 588 (1972).

> A workmen's compensation carrier has no more right under the subrogation statute to benefit from this type of insurance which a covered employee elects to

take at his own expense than it would from the proceeds of health, accident or hospital insurance.

The Arkansas court went on to say the purpose of uninsured motorist statutes is to provide "a basic minimum coverage against the actions of financially irresponsible motorists, and to have the employer's rights under that statute taken away by the compensation subrogation statutes, makes no sense." *Id.* 480 S.W.2d at 589–90. Similarly, the court agrees with the language in *Horne v. Superior Life Insurance Company*, 203 Va. 282, 123 S.E.2d 401, 404 (1962), which said the uninsured carrier "does not stand in the shoes" of the uninsured motorist on liability. It insures the injured employee against inadequate compensation. It makes no difference who pays the premium on the uninsured coverage, be it the employee or the employer—the proceeds under such a policy are not subject to the statutory right of subrogation granted the employer. *Fryer v. National Union Fire Ins. Co.*, 346 N.W.2d 353, 357–58 (Minn.App.1984); *Murphy v. Milbank Mut. Ins. Co.*, 368 N.W.2d 753, 758 (Minn.App.1985).

## II.

Although the preceding analysis of the compensation subrogation statute decides this appeal, the trial court's decision on the policy language question is discussed. There is a provision in the Northland policy saying the uninsured motorist benefits do not apply to compensation benefits. The practical effect of a holding for the employer-insurer in this type of case would be to diminish the amount of uninsured coverage available to the employee. Such a ruling would allow the compensation carrier to deplete the uninsured coverage, up to the amount paid under workers' compensation, before the injured motorist-employee could start collecting. As the trial court noted, this result would run counter to *Cano v. Travelers Ins., supra*, 656 S.W.2d at 266. *Cano* involved an injured employee who was previously paid compensation benefits by the same company which carried the employer's liability policies. *Cano* sought to stack the multiple uninsured provisions.

*Id.* at 268. One of the issues was whether the compensation payments could be deducted from potential benefits under the uninsured policies. *Id.* at 269. The court, relying on the language of Judge Kennedy of this court, said an uninsured carrier is not entitled to an offset for compensation benefits received by the employee. *Id.* at 270. Although the case at bar involves a compensation carrier asking for the benefits of uninsured proceeds, the rationale is the same. The Safety Responsibility Law, and the policy expressed in § 379.203, RSMo 1986, is to disallow a diminution in benefits to motorists injured by uninsured drivers. *See e.g., Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137, 147 (Mo. banc 1980); *Douthet v. State Farm Mut. Auto. Ins. Co.*, 546 S.W.2d 156, 159 (Mo. banc 1977). *Douthet* also addresses the same argument advanced by the appellant compensation carrier in this case, namely, that such an interpretation "results in a double recovery by the injured party ..." *Id.* The Supreme Court held the "answer to this seems to be that to allow an insurer to reduce its liability on uninsured motorist coverage would be a windfall to it." *Id.*

The rationale of *Cano* is clear—uninsured benefits should not be reduced to injured motorists just because worker's compensation also applied to the injuries. As the trial court noted, a favorable result to the compensation carrier would result is a diminution of benefits to the employee covered by the Northland uninsured coverage. If the amount in worker's compensation is taken by American from the Northland coverage, the net benefits to the plaintiff-claimant are reduced. Such a result would fly in the face of the philosophy of *Cano*.

The judgment of the trial court is affirmed.