**HARTFORD INSURANCE COMPANY and Hartford Accident and Indemnity Company, Respondents,**

v.

**Lillian KEAN and Thomas Kean, Appellants.**

**No. 63648.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 14, 1993.

Kortenhof and Ely, Eric Ruttencutter, St. Louis, for respondents.

Kell, Kell, Custer, Weller & Crower, John Mark Kell, St. Louis, for appellants.

SIMON, Presiding Judge.

Appellants, Thomas and Lillian Kean, appeal from a summary judgment entered in a declaratory judgment action in favor of Hartford Insurance Company and Hartford Accident and Indemnity Company (Hartford), finding that appellants could not stack uninsured motorist coverages on a policy issued by Hartford to the employer of appellant Thomas Kean. We affirm.

The essential facts are not in dispute. Appellants were involved in a collision with a vehicle operated by Kenneth Lankford. At the time of the collision, Thomas Kean was operating a truck owned by his employer, Con–Agra Poultry Products, Inc. (Con–

Agra). Con–Agra was named insured on the Hartford automobile insurance policy covering some 4000 vehicles in Con–Agra's fleet. Lankford was an uninsured motorist as defined in the policy.

Appellants filed a lawsuit against Hartford seeking recovery under the uninsured motorist provision of the policy. A dispute arose between appellants and Hartford as to whether appellants would be entitled to stack the uninsured motorist coverage on each vehicle in Con–Agra's fleet. Hartford then filed a declaratory judgment action, seeking a declaration that appellants are not entitled to stack the uninsured motorist coverage on each vehicle in the entire Con–Agra fleet, that the policy issued to Con–Agra contained uninsured motorist coverage in the amount of $25,000, and that the maximum amount of uninsured motorist coverage available to appellants under the policy is $25,000. Appellants answered the petition for declaratory judgment and filed a counterclaim in two counts, seeking recovery under the uninsured motorist coverage, and alleging that they are entitled to stack the uninsured motorist coverage on each vehicle in the Con–Agra fleet. Each party filed a motion for summary judgment and the trial court granted respondents' motion, specifically finding that the uninsured motorist coverage in respondents' fleet vehicle policy could not be stacked.

The uninsured motorist provision of the policy provides:

*Uninsured Motorist and No Fault Insurance.* Unless otherwise agreed to by the company and the named insured, the company shall afford uninsured motorist insurance to the minimum extent permitted by the law of the state in which each owned or hired automobile is principally garaged, but only if the law of such state requires the named insured to have such insurance and the named insured has otherwise failed to comply with such law. The company shall afford no-fault automobile insurance to the minimum extent required of the named insured by law. Such insurance shall be provided by the appropriate forms used by the company for such purposes.

The limits of liability clause provides, in pertinent part:

*Limits of Liability.* Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain injury or damage, (3) claims made or suits brought on account of injury or damage, or (4) automobiles, aircraft or watercraft to which this policy applies, the company's liability is limited as follows:

A. 1. Bodily Injury—Automobile. The limit of bodily injury—automobile liability stated in the declarations as applicable to "each occurrence" is the total limit of the company's liability for all damages, including damages for care and loss of services, because of bodily injury sustained by two or more persons as the result of any one occurrence arising out of the ownership, maintenance, operation, use, loading or unloading of an automobile.

Subject to the above provision respecting "each occurrence" the limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of bodily injury sustained by one person as the result of any one occurrence arising out of the ownership, maintenance, operation, use, loading or unloading of an automobile.

\*     \*     \*     \*     \*     \*

The declarations page of the policy does not indicate uninsured motorist coverage nor limits of liability pertaining thereto.

On appeal, appellants contend that the trial court erred in granting Hartford's motion for summary judgment because the judgment is incorrect as a matter of law in that it is contrary to public policy to permit insurers to limit the liability of uninsured motorist coverage when the insurance contract fails to specifically prohibit stacking of coverage. Appellants essentially argue that the policy contains no language which prohibits stacking of uninsured motorist coverages, as the "limit of liability" clause addresses the bodily injury liability coverage with reference to the limits set out in the declarations portion of the policy, and the declarations contain no limit for uninsured motorist coverage.

In *Cameron Mutual Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo.banc 1976), our Supreme Court held that a named insured, who had purchased uninsured motorist coverage for more than one vehicle, could stack the uninsured motorist coverages on all the vehicles which he owned. However, in *Hines v. Government Employees Ins. Co.,* 656 S.W.2d 262, 265 (Mo. banc 1983), our Supreme Court held that the public policy expressed in *Cameron* did not extend to an occupancy insured, that is, a person who is an insured simply by reason of occupying an insured automobile as driver or passenger.

This court has also recognized a distinction between a named insured who pays the premiums for coverage, and an insured whose eligibility for coverage under the policy arises solely out of occupancy of an insured automobile. *Linderer v. Royal Globe Ins. Co.,* 597 S.W.2d 656 (Mo.App.1980). In *Linderer* an employee of Union Electric Company sued Royal Globe Insurance Company for recovery under policies insuring him against damages caused by a collision with an uninsured motorist. At the time of the collision, the employee was driving a vehicle owned by Union Electric and insured as one of a fleet of 1,420 vehicles. Union Electric was the named insured on the policy, but coverage was also provided for those occupying the vehicles. We addressed the issue of whether the employee, as an occupancy insured, should be allowed to stack the uninsured motorist coverage on each vehicle in the Union Electric fleet. We stated, at 661:

> Respondent Linderer did not pay the premium for the coverage he seeks to enforce as did the claimant ... in *Cameron Mut.* .... He is not a named insured in the Union Electric policy as was [claimant] in *Cameron Mut.* Linderer's eligibility for payment under the policy arises solely out of his occupancy of one of the insured automobiles....

> It is obvious that an individual who applies for and receives a liability policy covering his two automobiles would expect to collect the coverage he paid for on both automobiles if anything happened to him or a member of his family. On the contrary, it is not credible that a company or

an employee of a company having a fleet of 1,420 vehicles would reasonably expect the coverage on the vehicle the employee happened to be occupying at the time of the collision with an uninsured motorist to be $14,200,000, as it would be if stacking were to be permitted here.

Therein lies the problem. If stacking were required for fleet policies there would be $14,200,000 of coverage for each Union Electric vehicle and the total exposure for the entire fleet of 1,420 vehicles would be 1,420 times $14,200,000 or $20,164,000,000, obviously an argument to absurdity, but the actual exposure amounts to millions of dollars. This cannot have been the intention of the Missouri Supreme Court when the opinion in *Cameron Mut., supra,* was rendered. Further, if *Cameron Mut.* were to be followed for owners of large fleets of motor vehicles, there is no possible way the fleet owner could limit his uninsured motorist coverage to the statutory minimum, or if the fleet is large, to less than millions of dollars for each individual vehicle. Such a result would be unconscionable.

*See also, Cano v. Travelers Ins. Co.,* 656 S.W.2d 266 (Mo. banc 1983).

Here, the policy provides uninsured motorist coverage but limits that coverage to the minimum extent permitted by the law of the state where the vehicle is principally garaged. The vehicle which appellants occupied was principally garaged in Missouri, where the minimum of uninsured motorist coverage required is $25,000 per person and $50,000 per accident for each vehicle. § 303.030 R.S.Mo.1986. Appellants are not named insureds, and their status as insureds derives solely from their occupancy of the insured vehicle. As occupancy insureds, there is no requirement that appellants be furnished uninsured motorist coverage in excess of the limits of the vehicle they occupied at the time of the accident, *see, Cano v. Travelers Ins. Co.,* 656 S.W.2d at 269[2], and they have no claim for uninsured motorist coverage on account of any other vehicle owned by Con–Agra and insured under the Hartford policy. *Id.,* at [1]. Appellants, therefore, are not entitled to stack the unin-

sured motorist coverage for each vehicle in Con–Agra's fleet.

It is not significant that the declarations, to which the policy's limits of liability clause refers, set out no limits for uninsured motorist coverage. The policy's provision for uninsured motorist coverage contains its own limits of liability, i.e. the minimum required by law.

Judgment affirmed.

GARY M. GAERTNER, C.J., and PUDLOWSKI, J., concur.