**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Laura E. CHAMBERS, a minor, Elizabeth S. Abel, and Teresa Ann Rice, Defendants–Respondents.**

No. 18405.

Missouri Court of Appeals, Southern District, Division One.

July 14, 1993.

Motion for Rehearing or Transfer Denied Aug. 5, 1993.

Application to Transfer Denied Sept. 28, 1993.

Monte P. Clithero, Kevin M. FitzGerald, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for plaintiff-appellant.

James M. Kelly, Republic, for defendant-respondent Teresa Ann Rice.

John Wooddell, Robert L. Bruer, Bruer & Wooddell, Springfield, for defendants-respondents Laura E. Chambers and Elizabeth S. Abel.

SHRUM, Judge.

State Farm brought this declaratory judgment action against its insured, Teresa Ann Rice; Laura Chambers, a minor who was injured when struck by an automobile operated by the insured; and Elizabeth Abel, Laura's mother.

The amount of bodily injury liability coverage under the policy issued to Rice was $25,000 for each person and $50,000 for each accident. State Farm offered to pay $25,000 to settle Laura's bodily injury claim and Elizabeth's derivative claim against Rice arising out of the accident. Laura and Elizabeth refused that offer, contending the applicable policy provision is ambiguous, and, therefore, State Farm should pay $50,000 under the policy.

The policy provision at issue is this:

**Limits of Liability**

The amount of bodily injury liability coverage is shown on the declaration page under "Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to *Bodily injury* to two or more *persons* in the same accident. (Emphasis in original.)

The trial court found the "Each Person" definition contained in the policy provision quoted above to be ambiguous and, construing the ambiguity against State Farm and in favor of coverage, it declared that the policy "provides $25,000 liability coverage for damages sustained by Laura E. Chambers and an additional $25,000 coverage for damages sustained by Elizabeth S. Abel as a result of Laura's injury, for a total policy limit of $50,000 as the policy applies to this accident." It is from that judgment that State Farm appeals.

## DISCUSSION AND DECISION

█ The dispositive issue on appeal is the construction of the "Each Person" definition contained in the earlier-quoted policy provision:

Under "Each Person" is the amount of coverage for all damages, including dam-

ages for care and loss of services, arising out of and due to *bodily injury* to one *person.*

■ If there is an ambiguity it must be resolved against the insurer. *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266, 271 (Mo. banc 1983). Language in an insurance policy is said to be ambiguous "if it is reasonably open to different constructions," *Krombach v. Mayflower Ins. Co.,* 827 S.W.2d 208, 210[2] (Mo. banc 1992), or if it is "reasonably susceptible to two or more meanings...." *United States Fidelity & Guaranty Co. v. Safeco Ins. Co.,* 522 S.W.2d 809, 817[7] (Mo. banc 1975). However, "plain language in an insurance policy is not to be used to create an ambiguity where in the context of the use and application of a term none exists...." *Id.* at 817[6].

We hold that the provision setting out the "Each Person" definition in the State Farm policy is not ambiguous. The syntax and punctuation of the sentence lead us to this conclusion, and a review of applicable case law supports it.

First we look at the arrangement of the sentence. The prepositional phrase "to one person" follows "bodily injury," indicating the prepositional phrase is to modify "bodily injury."

The punctuation of the sentence also makes its meaning clear. The phrase "including damages for care and loss of services" is set off by commas and functions to explain the term "all damages." For the prepositional phrase "to one person" to refer to "all damages" then the phrase "arising out of and due to bodily injury" likewise would have to be set off by commas. It is not; there is no comma after "injury." Because there is no comma, it is apparent that "arising out of and due to bodily injury to one person" is to be treated as a unit, as one phrase that modifies "all damages."

We believe the syntax and punctuation of the definitional sentence resolve the issue. There is no ambiguity. Nevertheless, we briefly consider the arguments of the respon-

dents that invite comparison to other opinions.

All respondents rely on *Cano,* 656 S.W.2d 266, and various progeny of *Cano.* In *Cano,* the supreme court considered a policy provision that limited the insurer's liability for "all damages because of bodily injury sustained by one person as a result of any one accident...." *Id.* at 268. The court held that there was an ambiguity because the participle "sustained" could be read as modifying both "damages" and "bodily injur[y]." *Id.* at 271. It is true that the court rejected the notion that "sustained" should be read only to modify the nearest noun "injury." *Id.* Nevertheless, the punctuation in the policy provision in the case before us negates a reading of the prepositional phrase "to one person" as modifying "all damages."

The *Cano* court did not base its finding of an ambiguity solely on the brief portion of the policy earlier quoted. The policy at issue in *Cano* contained a separate provision that defined "Person Insured" to include "3. any person with respect to damages he is entitled to recover because of *bodily injury* to which this insurance applies sustained by an *insured* under ... 2. above." 656 S.W.2d at 270[4] (italics in *Cano* ). The court declined to construe the disputed language to "render a portion of the policy illusory" or to "dilute or eliminate any effective coverage for persons in [the insured's wife's] position." *Id.* at 271[5].

The policy in the case before us does not contain a "Person Insured" provision comparable to the one in *Cano.* Moreover, the policy specifically identifies "damages for care and loss of services" as included in "all damages." To construe the portion of the policy at issue as unambiguous does not have the effect of rendering another portion of the policy illusory. *See Eaves v. Boswell,* 852 S.W.2d 353, 358[3] (Mo.App.1993).

In *Cano* the supreme court noted a "sharp distinction" between the policy language there under consideration and policy language in *United States Fidelity.*[1] We find

---

1. The *Cano* court apparently relied on footnote 6 in *United States Fidelity* for its analysis of the

relevant policy language in the latter opinion. Footnote 6 states in part:

the language from *United States Fidelity*, as set out in footnote 1 of this opinion, to be remarkably similar in syntax and punctuation to the language now under consideration.

We conclude the only reasonable construction of the plain language of the definition of "Each Person" is that the bodily injury liability coverage limit is based on the number of persons who suffer bodily injury and not the number of persons who suffer damages that arise from bodily injury. Cano does not control, not only because of language dissimilarity, but also because our conclusion that the disputed language in the case before us is unambiguous does not render a separate portion of the policy illusory.

We reverse the judgment and remand to the trial court for entry of judgment declaring that the "Each Person" definition in State Farm's policy is not ambiguous and that State Farm's total liability under the policy for the accident in question is $25,000.

PARRISH, C.J., and CROW, P.J., concur.