Ellsworth FILDES and Cleta Fildes, his wife, Respondents,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

No. 64434.

Missouri Court of Appeals, Eastern District, Division One.

April 12, 1994.

Cheryl A. Callis, St. Louis, for appellant.

Frederick W. Drakesmith, St. Charles, for respondents.

CRIST, Judge.

Appellant–Defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals from the trial court's decision granting summary judgment in favor of Plaintiffs–Respondents, Ellsworth and Cleta Fildes (Plaintiffs), in a declaratory judgment action to determine State Farm's limit of liability for uninsured motorist benefits. We reverse and remand.

On March 17, 1991, at approximately 5:45 p.m., Ellsworth Fildes was injured in an automobile accident in St. Charles County when his automobile and the automobile of John Goodwin collided on Highway B. On March 24, 1992, Plaintiffs subsequently filed suit against Goodwin. They also filed suit against their insurance company, State Farm, for uninsured motorist benefits. Ellsworth sought recovery for his bodily injury in the accident, while Cleta requested recovery for her loss of consortium damages. In their petition, Plaintiffs alleged Goodwin had been driving while intoxicated when he crossed the centerline of Highway B and struck Ellsworth's automobile. They further alleged Goodwin was driving without insurance at the time.

On November 20, 1992, the trial court granted leave to State Farm to file a counterclaim for declaratory judgment requesting the trial court determine the rights and liabilities of the parties under the insurance policies. Plaintiffs had three automobile insurance policies with State Farm. Each policy provided uninsured motorist limits of $25,000 for "each person" and $50,000 for "each accident." State Farm contended it was only liable for $25,000 per policy, a total of $75,000, for both of the claims. State Farm filed an offer of judgment in the amount of $75,000. In response, Plaintiffs claimed they were *each* entitled to $25,000 per policy, a total of $150,000 or $75,000 for each claim.

The policy provision in controversy states: The amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident". Under "Each Person" is the amount of coverage for <u>all damages, including damages for care and loss of services, arising out of and due to **bodily injury** to one **person.**</u> Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to **bodily injury** to two or more **persons** in the same accident. (underline added.)

State Farm's counterclaim for declaratory judgment was severed and both parties moved for summary judgment. The trial court granted summary judgment in favor of Plaintiffs. It found the policy provision to be ambiguous, and construing the language against State Farm, found the "per person limitation of coverage for the total amount of $75,000.00 for the three policies under review is not applicable, but the per accident coverage up to a total of $150,000.00 does apply." The court further certified the judgment as final and appealable.

On appeal, State Farm argues the trial court erred in granting summary judgment in favor of Plaintiffs because the language used in the insurance policies was not ambiguous and Plaintiffs' recovery was limited to the "Each Person" limits for an uninsured motorist.

█ Interpretation of this insurance policy requires a close examination of language analyzed in other cases. Two cases provide the major source of controversy. The first case, relied upon by Plaintiffs, is the decision of the Missouri Supreme Court in *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266 (Mo. banc

1983). In *Cano*, the wife of a man injured in an automobile accident with an uninsured motorist sought to recover her damages for loss of consortium. The uninsured motorist provision of her insurance policy limited liability as follows:

> The limit of liability stated in the declarations is applicable to "each person" is the limit of The Travelers' liability for *all damages because of bodily injury sustained by one person as a result of any one accident....* (emphasis added.)

The Court found the underlined portion to be ambiguous because the word "sustained" could modify either "bodily injury" or "damages." *Id.* at 271[6]. Therefore, construing the ambiguous portion against the insurance company, the Court found the wife could recover her loss of consortium damages in addition to her husband's entitlement. *Id.*

The second case, relied upon by State Farm, was decided by the Southern District in *State Farm v. Chambers*, 860 S.W.2d 19 (Mo.App.1993). In *Chambers*, a mother sought recovery for the loss of her daughter's services when her daughter was injured in an accident with the insured. The insured's policy limited bodily injury liability to $25,000 for each person and $50,000 for each accident. *Id.* at 20. The policy language stated:

> The amount of bodily injury liability coverage is shown on the declaration page under "Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to **bodily injury** to one **person**. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to **Bodily injury** to two or more **persons** in the same accident. (underline added.)

The Southern District found the above language was not ambiguous. *Id.* at 22[1]. In so doing, the court found a close analysis of the syntax and punctuation of the disputed portion revealed no ambiguity and its plain language limited mother and daughter's claim to the "Each Person" amount. *Id.*

*Chambers* is dispositive. The language analyzed in *Chambers* is identical to the language at issue here. In sharp contrast, the *Cano* decision has generally been limited to those policies containing language virtually identical to *Cano*. *See, e.g., Lair v. American Family Mut. Ins. Co.*, 789 S.W.2d 30, 34[4] (Mo. banc 1990) (liability limit of "each person" for "bodily injury sustained by any person in any one accident" distinguished because not same grammatical arrangement); *Peters v. Farmers Ins. Co., Inc.*, 726 S.W.2d 749, 751 (Mo. banc 1987) (language limiting liability "on account of bodily injury sustained by one insured" not ambiguous). The language at hand is completely different from that found ambiguous in *Cano*. In addition, where our Southern District has found the exact language at issue *not* ambiguous, we must defer to that finding.

However, Plaintiffs point out several possible distinctions from *Chambers*. First, Plaintiffs argue the *Chambers* case regarded a mother's recovery for loss of her child's services, while this case involves a spouse's loss of consortium damages. Plaintiffs aver loss of consortium is much more than just "loss of services."

We find this distinction insignificant. In *Cano*, a case involving loss of consortium damages, the Supreme Court stated including the phrase "damages for loss of services" would have clarified any ambiguity. *Cano*, 656 S.W.2d at 271–72. In reaching that conclusion, the Court distinguished the *Cano* policy from one upheld in *United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809 (Mo. banc 1975). That policy defined the "each person" limit of liability as the limit "for all damages, including damages for loss of services, arising out of bodily injury sustained by one person." *Safeco*, 522 S.W.2d at 821 n. 6. The *Cano* court also referenced the language in *Hines v. Government Employees Ins. Co.*, 656 S.W.2d 262 (Mo. banc 1983), as a model of clarity. *Cano*, 656 S.W.2d at 272. The policy in *Hines* limited liability to "each person" as "all damages, including damages for care or loss of services, because of bodily injury sustained by one person...." *Hines*, 656 S.W.2d at 264. By distinguishing these cases, the *Cano*

court indicated such language would not be ambiguous when referring to loss of consortium damages.

Plaintiffs also attempt to distinguish *Chambers* by pointing out the claim in *Chambers* was not by an actual insured under the policy, but only a third person claim. In the case at hand, Cleta Fildes is an insured under all three policies. As an insured, Cleta falls within the uninsured motorist coverage, which provides State Farm "will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle.**" (emphasis in original.) Plaintiffs contend State Farm is obligated to pay Cleta's separate damages for loss of consortium, because Cleta is legally entitled to collect those damages from the uninsured motorist.

■ It is possible the policy language provides Cleta should recover for her loss of consortium damages. However, State Farm has never contended she could not so recover. It merely contends her damages can only be paid from the "Each Person" liability limit. Application of that limit, which includes within its definition of "all damages" those damages for loss of services, does not bar Cleta's recovery but merely limits it. Therefore, even though Cleta is an insured, construing the language as unambiguous will not render a portion of the policy illusory. *Cano,* 656 S.W.2d at 271; *Chambers,* 860 S.W.2d at 21; *See also, Eaves v. Boswell,* 852 S.W.2d 353, 358[3] (Mo.App.1993). This conclusion is buttressed by language in the policy which states the limits of liability are not increased because "more than one **person** is insured at the time of the accident." *See, Ward v. American Family Ins. Co.,* 783 S.W.2d 921, 924 (Mo.App.1989).

■ Finally, Plaintiffs contend Cleta's injury for loss of consortium is in actuality a "bodily injury." "Bodily injury" is defined in the policy as "bodily injury to a **person** or sickness, disease or death which results from it." This court has interpreted similar language to require some *physical* harm to the person claiming a bodily injury. *Ward,* 783 S.W.2d at 923. The *Ward* court found: "While admittedly covered by the insuring clause, [husband's] derivative damages do not

constitute separate and distinct 'bodily injury.'" *Id.* Only Ellsworth suffered physical harm in the automobile collision. Cleta did not suffer physical harm and thus, had no "bodily injury." In any event, the policy at hand states the limits of liability are not increased by the presence of more than one insured in the same accident. *Id.* at 924.

Plaintiffs also rely upon *Oliver v. Cameron Mutual Insurance Co.,* 866 S.W.2d 865 (Mo. App.1993), where the wife sought loss of consortium damages in excess of the "each person" liability limit under two separate policies. The court found the first policy provided coverage for such damages because wife had damages for bodily injury. *Id.* at 870. As an insured, the wife was entitled under the policy to recover her "bodily injury" damages separate from those of her husband. *Id.* at 870. However, the policy specifically defined "bodily injury" to include loss of services. *Id.* at 870. The policy in question here does not define "bodily injury" to include "loss of services."

The court found the second policy in *Oliver* ambiguous because of the *Cano* problem with the word "sustained" and whether it modified "damages" or "bodily injury." *Id.* Plaintiffs' policies do not use the word "sustained" and thus do not suffer the same ambiguity. In addition, the *Oliver* court did not discuss the language including within "all damages" those "damages for care and loss of services."

Finding *Chambers* dispositive, we reverse the trial court's decision to grant summary judgment in favor of Plaintiffs and remand to the trial court for further proceedings consistent with our opinion.

CRANDALL, P.J., and REINHARD, J., concur.