COLUMBIA MUTUAL INSURANCE
COMPANY, Plaintiff–Appellant,

v.

John W. MORRIS, Sheryl Marie Martin,
and Danny Martin, Defendants–
Respondents.

No. 19268.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 3, 1994.

Motion for Rehearing or Transfer
Denied Oct. 25, 1994.

Application to Transfer Denied
Dec. 20, 1994.

Susan Ford Robertson and Lawrence W.
Ferguson, Knight, Ford, Wright, Atwill,
Parshall & Baker, Columbia, for plaintiff-
appellant.

Virginia L. Fry and William R. Robb,
Woolsey, Fisher, Whiteaker & McDonald,
Springfield, for defendant-respondent John
M. Morris.

Lynn C. Rodgers and Michael P. Mergen,
Hall, Ansley, Rodgers & Condry, Springfield,
for defendants-respondents Sheryl Marie
Martin and Danny Martin.

SHRUM, Chief Judge.

Columbia Mutual brought this declaratory
judgment action against its insured, John W.
Morris; Sheryl Marie Martin, who was in-
jured when the vehicle she was driving collid-
ed with an automobile operated by the in-
sured; and Danny Martin, Sheryl's husband.

The amount of bodily injury liability cover-
age under the policy issued to Morris was
$25,000 for each person and $50,000 for each
accident. Columbia Mutual offered $25,000
to settle both Sheryl's bodily injury claim
and Danny's derivative damage claim for loss
of consortium against Morris arising out of
the accident. Sheryl and Danny refused that
offer, contending the applicable policy provi-
sion is ambiguous and, therefore, Columbia
Mutual should pay $50,000 under the policy.

The policy provision at issue is this:

"PART A—LIABILITY COVERAGE

".....

**"LIMIT OF LIABILITY**

A. The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for 'bodily injury' resulting from any one auto accident...."

The trial court declared that Columbia Mutual's policy was ambiguous. Specifically, it found:

"The 'limit of liability' clause is ambiguous and reasonably open to differing constructions when considering whether the seperate [sic] claims of the Martins are both included in the 'each person' limit of the policy.... Further, the grammatical arrangement of the sentence by which plaintiff attempts to limit its liability is ambiguous in that the word 'sustained' may modify 'damages' or 'bodily injury.' This provision is ambiguous as noted in *Cano v. Travelers Insurance Company,* 656 S.W.2d 266 (Mo. banc 1983), and *Lair v. American Family Mutual Insurance Co.,* 789 S.W.2d 30, 34 (Mo. banc 1990)."

Construing the policy language against Columbia Mutual and in favor of coverage, the trial court declared "there is coverage under [Columbia Mutual's] policy, and defendants may recover, up to a limit of $50,000 for the claims of defendants Sheryl Marie Martin and Danny Martin...." It is from that judgment that Columbia Mutual appeals.

DISCUSSION AND DECISION

█ If there is an ambiguity in an insurance policy it must be resolved against the insurer. *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266, 271 (Mo. banc 1983). Language in an insurance policy is said to be ambigu-

ous "if it is reasonably open to different constructions," *Krombach v. Mayflower Ins. Co. Ltd.,* 827 S.W.2d 208, 210[2] (Mo. banc 1992), or if it is "reasonably susceptible to two or more meanings...." *United States Fidelity & Guaranty Co. v. Safeco Ins. Co. of Am.,* 522 S.W.2d 809, 817[7] (Mo. banc 1975). However, "plain language in an insurance policy is not to be used to create an ambiguity where in the context of the use and application of a term none exists...." *Id.* at 817[6]. Where an insurance policy is unambiguous, a court must enforce it as written absent a statute or public policy requiring coverage. *Rodriguez v. General Accident Ins. Co.,* 808 S.W.2d 379, 382[5] (Mo. banc 1991). "[R]ules for construing contracts of insurance are inapplicable when a contract provision is clear and unambiguous." *American Family Mut. Ins. Co. v. Ward,* 789 S.W.2d 791, 795[3] (Mo. banc 1990).

Here, Columbia Mutual asserts on appeal that the trial court erred in granting summary judgment in favor of the Martins and Morris because its "Limit of Liability" policy language was unambiguous and clearly limited liability coverage to $25,000 for *all* damages suffered by the Martins, i.e., Sheryl's bodily injury claim *and* Danny's loss of consortium claim. Claiming the trial court's reliance on *Cano,* 656 S.W.2d 266, was misplaced, Columbia Mutual argues that the language, syntax, and punctuation of its policy are so virtually identical to that analyzed and found to be unambiguous in *Eaves v. Boswell,* 852 S.W.2d 353 (Mo.App.1993), and *State Farm Mut. Auto. Ins. Co. v. Chambers,* 860 S.W.2d 19 (Mo.App.1993), as to compel a judgment in its favor as a matter of law. For the reasons explained in the remainder of this opinion, we find merit in Columbia Mutual's argument.

In *Cano,* 656 S.W.2d 266, the wife of a man injured in a motor vehicle accident with an uninsured motorist sought to recover her damages for loss of consortium. At issue was a policy provision that limited the insurer's liability for "all damages because of bodily injury sustained by one person as a result of any one accident...." *Id.* at 268. The court held an ambiguity existed because the participle "sustained" could be read as modi-

fying either "damages" or "bodily injur[y]." *Id.* at 271. Therefore, construing the ambiguous provision against the insurance company, our supreme court ruled that the wife could recover her loss of consortium damages beyond her husband's entitlement.

In *Chambers,* 860 S.W.2d 19, and *Eaves,* 852 S.W.2d 353, this court found the disputed policy provisions unambiguous and distinguishable from the provision in *Cano.* In *Chambers,* a mother sought recovery for the loss of her daughter's services when her daughter was injured in an accident with the insured. The insured's policy limited bodily injury liability to $25,000 for *each* person and $50,000 for each accident. The "each person" definition in the "Limits of Liability" clause read:

> "Under 'Each Person' is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to *bodily injury* to one *person.*"

860 S.W.2d at 20–21[1]. We noted the arrangement of the sentence and then analyzed its punctuation as follows:

> "The phrase 'including damages for care and loss of services' is set off by commas and functions to explain the term 'all damages.' For the prepositional phrase 'to one person' to refer to 'all damages' then the phrase 'arising out of and due to bodily injury' likewise would have to be set off by commas. It is not; there is no comma after 'injury.' Because there is no comma, it is apparent that 'arising out of and due to bodily injury to one person' is to be treated as a unit, as one phrase that modifies 'all damages.'"

*Chambers,* 860 S.W.2d at 21. We concluded that the syntax and punctuation of the sentence made its meaning clear and unambiguous, thus resolving the issue. *Id.*

Additionally, in *Chambers* this court examined *Cano* and found two reasons why it did not control. The first reason was the language dissimilarity between two disputed policy provisions, specifically material punctuation differences. 860 S.W.2d at 21. Second, we noted that the *Cano* court did not base its finding of ambiguity solely on its construction of the limit of liability provision.

Instead, *Cano* looked at a separate policy provision that defined "Person Insured" and interpreted that provision as clearly including the wife's claim for loss of consortium damages in the uninsured motorist coverage. With that provision in the policy, the *Cano* court declined to construe the disputed language as ambiguous saying, to do so would " 'render a portion of the policy illusory' " or " 'dilute or eliminate any effective coverage for persons in [the insured's wife's] position.' " *Chambers,* 860 S.W.2d at 21 (quoting *Cano,* 656 S.W.2d at 271[5] ). There being no comparable "Person Insured" provision in State Farm's policy, this court found *Cano* did not control because no other part of the State Farm policy was rendered illusory by the conclusion that the disputed provision was unambiguous. *860 S.W.2d at 22.*

In *Eaves,* 852 S.W.2d 353, parents sought recovery for the loss of their daughter's services when their daughter was injured while riding as a passenger with the insured. The insured's policy limited bodily injury liability to $25,000 for each person and $50,000 for each accident. *Id.* at 354. The disputed Colonial Insurance Company policy read:

> "(1) The bodily injury liability limit for each person is the maximum for all damages, including damages for care and loss of services arising out of bodily injury, sickness or disease, including death, suffered by any one person in any one accident."

*Id.* Following an exhaustive review and analysis of Missouri cases that dealt with "each person" limit-of-liability provisions, this court observed:

> "The lesson we cull from these cases is that the policy language must be microscopically dissected to determine whether an ambiguity exists. Only in *Cano* did the Supreme Court detect one."

*Eaves,* 852 S.W.2d at 358. We found the Colonial policy "too different from the policy language in *Cano* for the *Cano* analysis to apply" and concluded it was unambiguous. *Id.*

Applying the *Chambers* analysis here, we find that the punctuation and syntax in Columbia Mutual's policy provision makes its

**678**

meaning clear. The phrase "including damages for care, loss of services or death," is set off by commas and functions to explain by example the term "all damages." The participle "sustained" immediately follows "bodily injury," indicating its function is to modify "bodily injury" and not "all damages." Because no comma follows "bodily injury," the entire phrase "arising out of 'bodily injury' sustained by any one person in any one auto accident" is to be treated as a unit, as one phrase that modifies "all damages." *See Chambers*, 860 S.W.2d at 21. We hold there is no ambiguity.

Defendants' reliance on *Cano* and its progeny is misplaced. For the reasons given in *Chambers* and *Eaves*, Columbia Mutual's policy language is "too different from the policy language in *Cano* for the *Cano* analysis to apply." *See Eaves*, 852 S.W.2d at 358.

Moreover, the policy here does not have a "Person Insured" provision comparable to the one in *Cano*. Consequently, our conclusion that the limitation portion of Columbia Mutual's policy is unambiguous does not have the effect of rendering another portion of that policy illusory, thereby further distinguishing this case from *Cano*. *See Chambers*, 860 S.W.2d at 21.

We also observe that the language and punctuation in the policy provision in *Eaves* are virtually identical to that found here. We reject Defendants' argument that *Eaves* is distinguishable because the Colonial policy used "suffered" while Columbia Mutual's policy uses the word "sustained." *Lair v. American Family Mut. Ins. Co.*, 789 S.W.2d 30 (Mo. banc 1990), emphasized the grammatical arrangement of the sentence—not whether the participle used was "sustained," "suffered," or another word—to determine

whether the policy provision under consideration was ambiguous.

"The ambiguity [in *Cano* ] resulted because the grammatical arrangement of the sentence allowed the participle 'sustained' to modify either the phrase 'all damages' (thus applying to bodily and nonbodily injuries) or the phrase 'bodily injuries' (in which case nonbodily injuries would be excluded). The case *sub judice* [*Lair* ] presents no such problems of syntax. The words, '[t]he limit for "each person" is the maximum for bodily injury sustained by a person in any one accident' are unambiguous, as the participle 'sustained' can only modify 'bodily injuries,' hence the policy's language belies the claim of ambiguity." *Id.* at 34.[1]

Finally, we examine Defendants' argument that the limit of liability clause is ambiguous because it refers to "loss of services" but omits "loss of consortium." Defendants point out that in *Eaves* and *Chambers* parents attempted to recover for loss of their children's services, while this case involves loss of consortium damages. They insist that is a distinction that makes *Eaves* and *Chambers* inapposite as authority for ruling this case. They assert that a claim for loss of consortium involves much more than the loss of services.

This argument was rejected in *Fildes v. State Farm Mut. Auto. Ins. Co.*, 873 S.W.2d 883 (Mo.App.1994), as follows:

"We find this distinction insignificant. In *Cano*, a case involving loss of consortium damages, the Supreme Court stated including the phrase 'damages for loss of services' would have clarified any ambiguity. *Cano*, 656 S.W.2d at 271–72. In reaching that conclusion, the Court distin-

---

1. Citing *Oliver v. Cameron Mut. Ins. Co.*, 866 S.W.2d 865 (Mo.App.1993), the Martins argue that "when the term 'sustained' (instead of 'arising out of') is included in the same sentence as 'damages' and 'bodily injury', the policy becomes ambiguous to determine what 'sustained' modifies ... no matter how the sentence is punctuated." We disagree. Unlike the provisions in *Eaves, Chambers*, and this case, the grammatical arrangement of the *Oliver* provision makes it subject to the *Cano* analysis, i.e., "sustained" as used in *Oliver* can be read as modifying either "damages" or "bodily injury," thus making the

provision ambiguous. Thus we do not understand *Oliver* to hold that use of "sustained," standing alone, made the *Oliver* policy ambiguous. If that was the intended holding in *Oliver*, we view it as in conflict with *Cano* and *Lair*, cases that we are constitutionally bound to follow. *Eaves*, 852 S.W.2d at 357. Moreover, because "suffer" and "sustain" are synonyms, Webster's Third New International Dictionary, 2284 and 2304 (1976), such an interpretation of *Oliver* would contradict this court's decision in *Eaves*, the latter being correctly decided in our view.

guished the *Cano* policy from one upheld in *United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809 (Mo. banc 1975). That policy defined the 'each person' limit of liability as the limit 'for all damages, including damages for loss of services, arising out of bodily injury sustained by one person.' *Safeco*, 522 S.W.2d at 821 n. 6. The *Cano* court also referenced the language in *Hines v. Government Employees Ins. Co.*, 656 S.W.2d 262 (Mo. banc 1983), as a model of clarity. *Cano*, 656 S.W.2d at 272. The policy in *Hines* limited liability to 'each person' as 'all damages, including damages for care or loss of services, because of bodily injury sustained by one person....' *Hines*, 656 S.W.2d at 264. By distinguishing these cases, the *Cano* court indicated such language would not be ambiguous when referring to loss of consortium damages."

873 S.W.2d at 885–86.[2] Finding *Fildes* to be dispositive, we reject Defendants' argument that we should distinguish *Eaves* and *Chambers* because this is a loss of consortium claim.

■ We conclude that the only reasonable construction of the language of the provision under consideration is that the bodily injury liability coverage limit is based on the number of persons who suffer bodily injury and not the number of persons who suffer damages that arise from bodily injury.

We reverse the judgment and remand to the trial court for entry of judgment declaring that the limit of liability provision in "Part A" of Columbia Mutual's policy is not ambiguous and that Columbia Mutual's total liability under the policy for the accident in question is $25,000.00.

FLANIGAN and MONTGOMERY, JJ., concur.

---

2. We note that the policy language analyzed in *Fildes* is identical to that in *Chambers*.