**Raymond LANIGAN, Appellant,**

v.

**Phillip H. SNOWDEN, James Watson, and Hanover Insurance Company, Respondents.**

**No. WD 52737.**

Missouri Court of Appeals, Western District.

Feb. 11, 1997.

Hollis Hanover, Kansas City, for appellant.

Phillip Snowden, Lori Schultz, Kansas City, for respondents.

SPINDEN, Judge.

When Raymond Lanigan's sister died in the Chatham Hotel, Lanigan sued the hotel's owners, Phillip Snowden and James Watson, for interfering with the right of sepulchre and obtained a judgment for $20,000. Lanigan sought to recover his judgment against Snowden's and Watson's insurer, Hanover Insurance Company.

Hanover filed a motion for summary judgment asserting that Lanigan's damages were not covered by any of the terms of the insurance policy. The circuit court agreed and sustained Hanover's motion for summary judgment. Lanigan appeals, asserting that his damages were recoverable under either the property damage provision or the bodily injury provision of the policy. We conclude that the bodily injury provision is ambiguous; therefore, we reverse and remand for further proceedings.

Lanigan alleged in his petition against Snowden and Watson that his sister, Ella Mae Laws, was a guest or resident in the Chatham Hotel when she died. He asserted that Snowden and Watson carelessly and negligently interfered with the interment process by not living up to their agreement to watch over his sister's welfare. Lanigan contended that Snowden and Watson knew, or should have known, that his sister was sick, dead or otherwise incapacitated, but they carelessly delayed checking on her condition and did not discover her death in time to allow a ceremonious and decent burial. He alleged that as a direct result of Snowden's and Watson's negligence, he suffered emotional distress and anguish.

Snowden and Watson notified Hanover of Lanigan's claim. Hanover denied coverage on the ground that Lanigan's claim did not fall within the insurance policy's definitions of bodily injury, personal injury, advertising

injury or property damage. The circuit court agreed with Hanover's contention that "bodily injury" and "property damage" did not include damages for emotional distress or anguish. Lanigan appeals.

Lanigan contends that the circuit court erred in granting Hanover's motion for summary judgment because the damages he sought were covered by the insurance policy as property damage. We disagree.

■ Missouri courts have abandoned the "early fiction that the cause of action [for interference with the right of sepulchre] rested on the infringement of a quasi property right of the nearest kin to the body." *Galvin v. McGilley Memorial Chapels,* 746 S.W.2d 588, 591 (Mo.App.1987). Instead, courts recognize that the cause of action's basis is the mental anguish experienced by the person claiming the right of sepulchre. "[T]he dominant determinant of the cause of action is the mental anguish occasioned by the sight or knowledge of the trespass on the body." *Id.* The circuit court properly granted Hanover's motion for summary judgment on Lanigan's property damage claim.

Lanigan alternatively contends that the circuit court erred in granting Hanover's motion for summary judgment because the damages he sought were recoverable under the insurance policy's definition of "bodily injury." We conclude that the policy's definition of "bodily injury" is ambiguous; therefore, the circuit court erred in granting summary judgment on this ground.

■ When construing an insurance contract, the courts must give the contract's language its plain meaning, and, if the language is unambiguous, the courts must enforce the contract as written. *Hempen v. State Farm Mutual Automobile Insurance Company,* 687 S.W.2d 894, 894–95 (Mo. banc 1985). An insurance policy is ambiguous if its meaning is obscure or uncertain, and if it is ambiguous, its construction should favor the insured. *Peters v. Employers Mutual Casualty Company,* 853 S.W.2d 300, 302 (Mo. banc 1993).

The insurance policy provided that Hanover would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' ... to which this insurance applies." The policy defined "bodily injury" as "bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time."

■ Hanover contends that bodily injury requires physical harm to the person claiming injury and that emotional distress and mental anguish are not physical harm, but mental. While the policy's definition is subject to that construction, it is also subject to the opposite construction. In other words, the phrase, "bodily injury, sickness or disease," can be construed in a way that the adjective "bodily" modifies all three nouns, or it can be construed with equal plausibility that "bodily" modifies only injury. S. GREENBAUM AND R. QUIRK, A STUDENT'S GRAMMAR OF THE ENGLISH LANGUAGE, §§ 13.24, 17.37 (1990). Had Hanover intended "bodily" to modify all three nouns, it could have articulated this with a phrase such as "injuries to, sicknesses of, or diseases of the body."

This is a classic ambiguity. "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." *Peters,* 853 S.W.2d at 302. If bodily modifies only injury, then sickness or disease may include damages for mental harm. The New York Court of Appeals reached the same conclusion while construing an identical phrase:

> The ambiguity [in the policy] is heightened, not eliminated by the policy's explicit definition of "bodily injury" as "bodily injury, sickness or disease." The categories "sickness" and "disease" in the insurer's definition not only enlarge the term "bodily injury" but also, to the average reader, may include mental as well as physical sickness and disease.... We decline [the insurance company's] invitation to rewrite the contract to add "*bodily* sickness" and "*bodily* disease," and a requirement of prior physical contact for compensable mental injury. [The insurance company] could itself have specified such limitations in drafting its policy, but it did not do so.

*Lavanant v. General Accident Insurance Company of America,* 79 N.Y.2d 623, 584

N.Y.S.2d 744, 747, 595 N.E.2d 819, 822 (1992).[1]

Hanover relies on *Ward v. American Family Insurance Company*, 783 S.W.2d 921, 923 (Mo.App.1989), and *Fildes v. State Farm Mutual Automobile Insurance Company*, 873 S.W.2d 883 (Mo.App.1994), in which this court's Eastern District concluded that damages for loss of consortium did not fall within the definition of bodily injury because the claimants did not suffer physical harm.

In *Ward*, the policy defined "bodily injury" as "bodily injury to or sickness, disease or death of any person." 783 S.W.2d at 923. The court concluded, "So defined, we understand the clause to require some *physical* harm to the person claiming a bodily injury." *Id.* (emphasis in original). In *Fildes*, the policy defined bodily injury as "bodily injury to a person or sickness, disease or death which results from it." 873 S.W.2d at 886 (emphasis omitted). The *Fildes* court, relying on the *Ward* decision, concluded, "This court has interpreted similar language to require some physical harm to the person claiming a bodily injury." *Id.* (emphasis omitted).

These cases are not persuasive. Loss of consortium, at issue in *Ward* and *Fildes*, does not equate to bodily injury, sickness or disease unless the policy defines bodily injury to include loss of services. The *Ward* and *Fildes* courts did not need to analyze the definitions any further; therefore, to the extent that they concluded that the definitions required physical harm to recover damages for sickness or disease, their conclusions were mere *dicta*.

Because of the Hanover policy's ambiguity, the court's construction of the policy should favor Lanigan; therefore, we conclude that the circuit court erred in granting Hanover's motion for summary judgment. We reverse the circuit court's summary judgment and remand to the circuit court for further proceedings.

SMART, P.J., and ELLIS, J., concur.

---

1. In an 1887 decision, the Supreme Court of the United States reached a different conclusion in construing an insurance policy containing the phrase, "bodily infirmities or disease." The court concluded, "[T]he word 'bodily' grammatically applies to 'disease' as well as to 'infirmities[.]'" *Accident Ins. Co. of N. Am. v. Crandal*, 120 U.S. 527, 533, 7 S.Ct. 685, 688, 30 L.Ed. 740 (1887). We agree that this is a reasonable grammatical construction, but the court did not explain why it rejected the equally plausible construction that "bodily" modified only "infirmities" and not "disease." "An adjective is usually placed directly before the noun it modifies." M. Semmelmeyer and D. Bolander, *The New Webster's Grammar Guide* 86 (1987). Because the Court did not inform us of the source of its grammatical rule, we are not persuaded by the decision.