Edgar REMSPECHER,
Plaintiff/Appellant,

v.

Connie Rae JACOBI and Secura Insurance, Defendants/Respondents.

No. 70302.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Application to Transfer Denied
April 29, 1997.

Marc S. Wallis, Leo M. Newman, Newman & Bronson, St. Louis, for Plaintiff/Appellant.

James B. James, James E. Whaley, Brown & James, P.C., St. Louis, for Defendants/Respondents.

CRANE, Presiding Judge.

Defendant, Connie Rae Jacobi, negligently drove her automobile over the center line of a road and collided with an automobile driven by plaintiff's wife. Plaintiff's wife suffered extensive physical injuries. Plaintiff, Edgar Remspecher, and his wife filed an action against Jacobi, the operator of the insured automobile, and her insurer, defendant SECURA Insurance (SECURA). The parties entered into a consent judgment pursuant to § 537.065 RSMo in which plaintiff's wife was awarded $1,500,000.00 on her negligence claim and plaintiff was awarded $500,000.00 on his loss of consortium claim.

Jacobi was an insured under an insurance policy issued by SECURA to Jacobi's parents on three motor vehicles. The policy had limits of liability coverage of $100,000.00 for each person and $300,000.00 for each occurrence. The Limits of Liability clause provides:

The Limits of Liability shown in the Declarations apply subject to the following:

1. The bodily injury liability limit for "each person" is the maximum payable for all damages, whether to the injured person or others, because of bodily injury sustained by one person in any one occurrence.

SECURA paid $100,000.00 into the court for the single limit of liability under its policy and denied any coverage beyond its single limit coverage of $100,000.00.

Plaintiff and his wife[1] filed a declaratory judgment action requesting that the trial court determine whether the language of the SECURA policy afforded a separate limit of liability for plaintiff's loss of consortium claim or whether that claim was included in the total damages arising out of the accident and subject to the single limit of $100,000.00. The case was submitted to the trial court upon a stipulation of facts. The trial court entered judgment in SECURA's favor and declared that SECURA had no liability under the terms of its policy for any sum in addition to the $100,000.00 already paid into court. Plaintiff appeals. We affirm.

On appeal plaintiff argues that the language in the limitations of liability clause in SECURA's policy is ambiguous because the language does not distinguish whether the word "sustained" applies to "all damages" or "bodily injury" and the ambiguity must be construed against the insurer so that plaintiff's loss of consortium claim would be treated as a separate injury entitled to a separate limitation of liability. We disagree that the language is ambiguous.

An insurance company may include a derivative claim in the single limits or treat the derivative claim as a separate injury entitled to separate limits by the language of its policy. *Anderson v. St. Paul Mercury Ins. Co.*, 792 S.W.2d 440, 441 (Mo.App.1990). Under policies fixing a maximum recovery for "bodily injury" to one person, courts hold that the limitation is applicable to all claims of damage flowing from such bodily injury; therefore, it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. *Id.* All damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation. *Id.* (citing *Annotation, Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person*, 13 ALR3d 1228, 1234 (1967) and

*United States Fidelity & Guar. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809, 821, n. 6 (Mo. banc 1975)). Alternatively, under policies where the limitations on recovery are written in terms of maximum recovery for "personal injury" or "damages" to one person, rather than "bodily injury," courts have held that liability for consequential damages suffered by one other than the person physically injured might be treated as a separate claim for purposes of applying the limitation provision, so there could be recovery for the consequential damages notwithstanding payment of the maximum for the direct injury. *Id.* (citing 13 ALR3d at 1244). *See also Annotation, Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Extended "Per Accident" Coverage Rather Than "Per Person" Coverage of Automobile Liability Policy*, 46 A.L.R.4th 735 (1986).

The issue on appeal is whether the limitation of liability clause unambiguously includes plaintiff's derivative claim in the single limits, or if the clause is ambiguous and therefore may be construed to treat plaintiff's derivative claim as a separate injury entitled to separate limits. Whether a policy is ambiguous is a question of law. *General American Life Ins. Co. v. Barrett*, 847 S.W.2d 125, 131 (Mo.App.1993). An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo. banc 1992). Language is ambiguous if it is reasonably open to different constructions. *Id.*

Plaintiff relies on *Cano v. Travelers Ins.*, 656 S.W.2d 266 (Mo. banc 1983) to support his argument that the limit of liability clause in the SECURA policy is ambiguous and therefore may be construed to allow a separate limitation of liability for each person damaged. In *Cano* the supreme court found the following provision ambiguous:

> The limit of liability stated in the declarations is applicable to "each person" is the limit of The Travelers' liability for all damages because of bodily injury sustained by one person as a result of any one accident. . . .

---

1. Plaintiff's wife's claim was subsequently dismissed without prejudice.

The court held the phrase "all damages because of bodily injury sustained" was ambiguous because "sustained" could be read to modify either "damages" or "bodily" injury. The court did not find it compelling that "sustained" was closer to "bodily injury" than to "damages." Because it decided that "sustained" could refer to "damages," it held the policy was ambiguous and allowed wife to recover under a separate limitation.

The court of appeals has applied *Cano* to similarly constructed clauses. In *Spaete v. Auto. Club Inter–Ins. Exchange,* 736 S.W.2d 480 (Mo.App.1987), we followed *Cano* and found the phrase "all damages for bodily injury sustained by any one person" to be ambiguous. The Western District found the identical clause to be ambiguous in *Anderson v. St. Paul Mercury Ins. Co.,* 792 S.W.2d 440, 441 (Mo.App.1990). In *Oliver v. Cameron Mut. Ins. Co.,* 866 S.W.2d 865, 870 (Mo.App. 1993), we found a different construction ambiguous, again relying on *Cano:*

> The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident.

However, the supreme court and court of appeals have not found the same ambiguity in other limit of liability clauses. In *Fidelity,* 522 S.W.2d at 821 n. 6, the supreme court analyzed policy language that provided:

> [T]he limit of bodily injury liability ... as applicable to 'each person' is the limit of the insurer's liability for all damages, including damages for loss of services, arising out of bodily injury sustained by one person.

In holding this language to be unambiguous, the court found that this language directed that the limitation was applicable to all claims of damage flowing from such bodily injury, and therefore it was immaterial that some part of the damage may be claimed by some person other than the one claiming the bodily injury. *Id.* The court determined that from the language used, all damage

claims, direct and consequential, resulting from injury to one person were subject to the limitation. *Id.*

In its motion for rehearing in *Cano,* insurer argued that *Cano* was contrary to *Fidelity.* In denying the motion the supreme court stated that *Cano* and *Fidelity* did not involve essentially the same language. "The language in *Fidelity* refers expressly to 'damages for loss of services.' The policy there invoked states explicitly something the policy before us lacks." *Cano,* 656 S.W.2d at 272.

In *Peters v. Farmers Ins. Co., Inc.,* 726 S.W.2d 749 (Mo. banc 1987), the supreme court found the following limitation clause in a Farmers policy to be unambiguous:

> To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured ...

The court distinguished this language from that in *Cano* on the grounds that the Farmers policy did not present the problem of nouns and modifiers which led the court to hold the provision in *Cano* ambiguous.

In *Lair v. American Family Mut. Ins. Co.,* 789 S.W.2d 30, 34 (Mo. banc 1990), the supreme court explained that the ambiguity in the language in *Cano* resulted because the grammatical arrangement of the sentence allowed the participle "sustained" to modify either the phrase "all damages" (thus applying to bodily and non-bodily injuries) or the phrase "bodily injuries" (in which case non-bodily injuries would be excluded).

The Western District found the following limitation clause to be unambiguous in *Killpack v. Farm Bureau Ins. Co.,* 861 S.W.2d 608, 613 (Mo.App.1993):

> The limit of liability as applicable to each person is the maximum limits of the Company's liability for all damages, including damages for care or loss of service or consortium, because of bodily injuries sustained by one person as a result of any one accident.

The court, relying on *Fidelity,* which construed a nearly identical clause, found that the parenthetical phrase indicating that damages included damages for loss of consortium

was unambiguous in limiting all claims, direct or consequential, to the policy limit for one person.

In *State Farm v. Chambers*, 860 S.W.2d 19, 20–21 (Mo.App.1993), the Southern District found the following language unambiguous:

Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to *bodily injury* to one *person.*

The court first looked at the arrangement of words within the sentence. It found the phrase "to one person" followed "bodily injury" indicating the phrase was to modify "bodily injury." It held that the punctuation of the sentence also made the meaning clear. Because the phrase "including damages for care and loss of services" was set off by commas, it functioned to explain the term "all damages." The court determined that for the prepositional phrase "to one person" to refer to "all damages," then the phrase "arising out of and due to bodily injury" likewise would have to be set off by commas. Because there was no comma after "injury," the court found it apparent that "arising out of and due to bodily injury to one person" was to be treated as a unit which modifies "all damages." The court found that the syntax and punctuation of the definitional sentence resolved the issue and there was no ambiguity. *Id.* at 21.

The *Chambers* opinion distinguished *Cano* on several grounds. First, in *Cano* the court held there was an ambiguity because the policy phrase "sustained by one person" could modify "damages" or "bodily injury." However, in the policy considered by *Chambers*, punctuation prevented the phrase "to one person" from modifying "damages." *Id.* In *Chambers*, unlike *Cano*, the policy specifically identifies "damages for care and loss of services" as included in "all damages." *Id.* This language was similar in syntax and punctuation to the language under consideration in *Fidelity* and distinguished by *Cano*. *Id.*

In *Fildes v. State Farm Mut. Auto. Ins. Co.*, 873 S.W.2d 883 (Mo.App.1994), we followed *Chambers* in finding the following language to be unambiguous:

Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to bodily injury to one person.

We based our analysis on the inclusion of the clause, "including damages for care and loss of services," which modified the word "damages":

In *Cano*, a case involving loss of consortium damages, the Supreme Court stated including the phrase "damages for loss of services" would have clarified any ambiguity. *Cano*, 656 S.W.2d at 271–72. In reaching that conclusion, the Court distinguished the *Cano* policy from one upheld in *United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809 (Mo. banc 1975). That policy defined the "each person" limit of liability as the limit "for all damages, including damages for loss of services, arising out of bodily injury sustained by one person." *Safeco*, 522 S.W.2d at 821 n. 6. The *Cano* court also referenced the language in *Hines v. Government Employees Ins. Co.*, 656 S.W.2d 262 (Mo. banc 1983), as a model of clarity. *Cano*, 656 S.W.2d at 272. The policy in *Hines* limited liability to "each person" as "all damages, including damages for care or loss of services, because of bodily injury sustained by one person...." *Hines*, 656 S.W.2d at 264. By distinguishing these cases, the *Cano* court indicated such language would not be ambiguous when referring to loss of consortium damages.

*Fildes*, 873 S.W.2d at 885–86.

Neither the policy in *Chambers* nor in *Fildes* uses the word "sustained." But neither opinion treats that omission as significant. Both opinions treat the word "to" as equivalent to "sustained by" and analyze the phrase "to one person" in the same way as if the phrase had been "sustained by one person."

No Missouri cases have been brought to our attention which construe the identical language used in the SECURA policy. In *Cano, Spaete, Anderson,* and *Oliver* the policy provisions were phrased in such a way

that the word "sustained," although next to the word "injury," could arguably modify the word "damages." In *Cano, Spaete,* and *Anderson,* no commas separated the intervening words or broke up the modifying phrases. In *Oliver* commas set off modifying phrases after the word "damages" and before the word "sustained" so that "sustained" could arguably modify "damages" rather than "bodily injury" which was also set off by commas.[2]

◾ If we address the ambiguity issue in terms of the placement of words and punctuation, the *Chambers* analysis guides us to a finding that "sustained" in the SECURA policy modifies only the term "bodily injury" and not the word "damages." Similar to *Chambers,* the phrase, "whether to the injured person or others," is set off by commas and functions to explain the term "all damages." For the phrase "sustained by one person" to refer to "all damages," the phrase "because of bodily injury" likewise would have to be set off by commas (as was the case in *Oliver*). Because there is no comma after "injury," we find it apparent that the whole phrase "because of bodily injury sustained by one person" is to be treated as one unit which modifies "all damages." Accordingly, the syntax and punctuation do not create an ambiguity.

Further, if we consider the policy language in terms of context, as the courts did in *Fidelity, Killpack,* and *Fildes,* we find no ambiguity. In the SECURA policy the word "damages" is followed by a parenthetical clause which specifies that "damages" includes both the injured person's damages and other persons' damages. This definition of "damages" thereby excludes an interpretation that damages could also be modified by the phrase "sustained by one person" so as to create separate coverage for each person sustaining damage. Where one person, such as plaintiff's wife, suffers bodily injury for which she and others may claim various types of damages, SECURA's policy uses the phrase "whether to the injured person or others," thereby indicating all derivative claims are subject to the one person limit.

The policy limitation clause is not reasonably open to different constructions. The only meaning which can be given the clause in the SECURA policy is that one limit will be paid for all damage, whether that damage is to the injured person (plaintiff's wife) or others (plaintiff), if it arises out of the bodily injury sustained by one person (plaintiff's wife). The policy limitation clause unambiguously includes plaintiff's loss of consortium claim in the total damages arising out of plaintiff's wife's bodily injury. The total damages are subject to one $100,000.00 limit.

The judgment of the trial court is affirmed.

GERALD M. SMITH, J., concurs.

PUDLOWSKI, J., dissents and submits a dissenting opinion.

PUDLOWSKI, Judge, dissenting.

I respectfully dissent as follows.

In May 1990 Jacobi and Remspecher's wife were involved in an auto accident in which Remspecher's wife suffered extensive physical injuries. Remspecher lost the services, companionship and consortium of his wife. The Remspechers brought suit against Jacobi, the operator of the other auto, and Secura Insurance (Secura). The parties entered into a consent judgment pursuant to § 537.065 RSMo in which Remspecher's wife was awarded one million five hundred thousand dollars ($1.5 million) for her negligence claim and Remspecher was awarded five hundred thousand dollars ($500,000) for his loss of consortium claim.

Secura paid one hundred thousand dollars ($100,000) into the court for the single limit of liability under its policy but denied any coverage beyond its single limit coverage of $100,000. Remspecher filed a declaratory

---

**2.** However, in *Eaves v. Boswell,* 852 S.W.2d 353, 354 (Mo.App.1993), the Southern District, after reviewing *Fidelity, Cano, Peters,* and *Lair,* found policy language virtually identical to *Oliver* not ambiguous. In *Eaves,* the relevant policy language provided as follows:

> The bodily injury liability limit for each person is the maximum for all damages, including damages for care and loss of services arising out of bodily injury, sickness or disease, including death, suffered by any one person in any one accident.
> *Id.*

judgment action to have the trial court determine Secura's responsibility under the policy to pay additional sums in excess of the single limit coverage.

Remspecher argued the language of Secura's policy for the single limit coverage was ambiguous and actually afforded a separate limit of liability for his loss of consortium claim. Secura argued the policy was unambiguous and that Remspecher's loss of consortium claim was included within the $100,000 it had already paid into the court. The trial court agreed with Secura. This appeal followed.

On appeal Remspecher argues Secura's policy is ambiguous in that it actually covers his claim for loss of consortium as a claim separate from his wife's claim. Because the policy is ambiguous, Remspecher argues, it must be construed against the insurance company. Secura maintains the trial court did not err in finding the policy unambiguous.

The portion of the policy in dispute is the following:

The Limits of Liability shown in the Declarations apply subject to the following:

1. The bodily injury liability limit for "each person" is the maximum payable for all damages, whether to the injured person or others, because of bodily injury sustained by one person in any one occurrence.

In its declaration page, the policy provides limits of liability for bodily injury in the amount of $100,000 per person and $300,000 per occurrence.

Remspecher argues the word "sustained" is ambiguous in that it could modify the word "damages" or the word "injuries." If "sustained" modifies "damages," Remspecher contends, he has a claim for loss of consortium that is separate from his wife's claim for damages. Thus, he would be a person who suffered damages which are separate from the damages his wife suffered and he would be entitled to the $100,000 per person limit described in the declaration page. In support of his argument Remspecher cites the Supreme Court case *Cano v. Travelers Ins.*, 656 S.W.2d 266 (Mo. banc 1983) and its progeny.

Secura argues the word "sustained" is unambiguous in that it modifies the word "injuries." Therefore, Remspecher's claim is contained within the $100,000 damage award Secura already paid into the court. In support of its argument Secura cites the Supreme Court case *Peters v. Farmers Ins. Co., Inc.*, 726 S.W.2d 749 (Mo. banc 1987) and its progeny.

The issue then before this court is whether the word "sustained" is ambiguous. If it is, then Remspecher's claim is separate from his wife's and he is entitled to the maximum limit of $100,000 per person. If "sustained" is unambiguous, then Remspecher's damages are contained within the award Secura paid into the court.

In *Cano* the issue was the same as it is here; namely, whether the policy was ambiguous and permitted the spouse to maintain an action for loss of consortium separate from her husband's claim. The *Cano* policy read: "The limit of liability stated in the declarations is applicable to 'each person' is the limit of [the insurance company's] liability for all damages because of bodily injury sustained by one person as a result of any one accident...." *Cano*, 656 S.W.2d at 268. In reversing the trial court and the court of appeals which had found "sustained" to be unambiguous, the Supreme Court stated, "If the participle 'sustained' is read as referring to 'damages' then [the wife's] damages, as well as [the husband's], would be covered, inasmuch as a person entitled to damages on account of bodily injury to another is explicitly named as an insured in the policy. If 'sustained' is to be read as modifying 'bodily injuries,' then the conclusion of the court of appeals would be correct." *Cano*, 656 S.W.2d at 271. In rejecting the argument that "sustained" should modify the word it is closer to, the court stated, "One circumstance is that the participle is closer to 'injuries' than it is to 'damages.' This might indicate it modifies the nearest noun. But this circumstance is not a very strong one...." *Id.* The *Cano* court concluded "sustained" was ambiguous and the ambiguity had to be construed against the insurance company. *Id.*

Four years after *Cano* the Supreme Court addressed a relatively similar issue in *Peters,* where the policy explained it would pay for all "damages to the insured because of bodily injury sustained by the insured." *Peters,* 726 S.W.2d at 752. The *Peters* court stated, "This language does not admit of the *Cano* construction, and imposes no obstacle to the application of the limits of liability clause." *Id.* The court then went on to hold the policy was unambiguous and that its decision presented "no conflict with *Cano.*" *Id.*

The distinction drawn between *Cano* and *Peters* is tenuous but reasonable. In *Cano* the Supreme Court recognized the word "sustained" could modify "damages" and the policy was still logical "inasmuch as a person [is] entitled to damages on account of bodily injury to another is explicitly named as an insured in the policy." *Cano,* 656 S.W.2d at 271. In other words, the *Cano* court recognized the person who "sustained damages" did not have to be the same person who suffered bodily injury. The court recognized the policy could have read "for all damages sustained by one person as a result of one accident because of bodily injury [to another]," just as easily as it could have read "for all damages because of sustained bodily injuries by one person as a result of one accident." For this reason, *Cano* declared the phrase ambiguous.

However, such a construction was unattainable in *Peters* because the difference between *Cano* and *Peters* was the explicit use of the words "to the insured" and "by the insured" in the *Peters'* policy. By its plain meaning, "the insured" who suffered bodily injuries had to be the same person who sustained damages. The pertinent terms read "because of bodily injuries to the insured" and then later "sustained by the insured." The phrase does not say "sustained by *an* insured." The insured was specifically designated in each context. There cannot be "another" as in *Cano.*

Secura argues the distinction between the cases is much simpler. Secura believes *Peters* and its progeny limited *Cano* to those instances where the wording of the policy was exactly the same as it is in *Cano.* However, this assertion is not tenable in light of our decision of *Oliver v. Cameron Mutual Ins.,* 866 S.W.2d 865, (Mo.App. E.D.1993). In *Oliver,* the policy language read: "[t]he limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident" to be ambiguous. *Oliver,* 866 S.W.2d at 870. Citing *Cano* as controlling, we found the policy to be ambiguous.

Even if this is not the proper reading of *Peters,* Secura argues, *Peters* and its progeny should still control. In support of its argument, Secura cites *State Farm v. Chambers,* 860 S.W.2d 19 (Mo.App. S.D.1993) and *Fildes v. State Farm Mutual,* 873 S.W.2d 883 (Mo. App. E.D.1994). In each case, the language of the policy was somewhat similar to the language in the case before us. In each opinion we held the policy was unambiguous and did not entitle plaintiff to a separate claim. However, these policies did not contain the word "sustained" and thus eliminated the policy from different interpretations. The specific use of the participle "sustained" was the obstacle the *Cano* court resolved when it declared the policy was ambiguous. Where "sustained" is not present, the *Cano* hurdle is not present and *Peters* interpretation controls. As noted in the *Fildes* opinion, "Plaintiffs' policies do not use the word 'sustained' and thus do not suffer the same ambiguity [as was present in *Oliver* and *Cano* ]." *Fildes* 873 S.W.2d at 886. In the case before us, the word "sustained" is used and leaves open the likelihood of an ambiguity. I believe the facts of *Chambers* and *Fildes* are distinguishable from the present case.

Having reviewed the law and discussed the distinction between *Peters* and *Cano,* I now turn to the case at hand. The policy reads, "The bodily injury liability limit for 'each person' is the maximum payable for all damages, whether to the injured person or others, because of bodily injury sustained by one person in any one occurrence." I first note the language of this policy contains the word "sustained," a generally accepted necessary prerequisite for finding a policy ambiguous. *Fildes,* 873 S.W.2d at 886. I further note

that, unlike *Peters,* this policy permits the person damaged to be different than the one who suffered bodily injury. In fact, this policy specifically provides the one damaged may be "the injured person or others." At oral argument, Secura argued the phrase "whether to the injured person or others" necessitates finding the word "sustained" modifies "bodily injury." While I believe arguing the word "sustained" should modify "bodily injury" is one possible interpretation of the policy, I also believe the phrase "whether to the injured person or others" further expands the class of persons who can bring a claim for damages, i.e. both the injured person and others. Thus, unlike *Peters,* this policy permits the husband to bring a claim "inasmuch as a person [is] entitled to damages on account of bodily injury to another. . . ." *Cano,* 656 S.W.2d at 271.

In other words, this policy can be read two different ways. First, it can be read "for all damages, whether to the injured person or others, sustained by one person in any one occurrence because of bodily injury [to another]." Or, it can be read "for all damages, whether to the injured person or others, because of sustained bodily injury by one person in any one occurrence." The phrase "whether to the injured person or others," does not in any way affect whether "sustained" modifies "damages" or "injuries." Nor does it affect whether the word is ambiguous. I find the policy is ambiguous, and it must be interpreted against the insurance company. *Id.*

Secura has also argued "sustained" should necessarily modify "bodily injuries" because of the grammatical structure of the sentence. Secura argues that if it were meant to modify "damages" a comma would have appeared after the word "injuries" to set off the phrase "because of bodily injuries" as a dependent clause. However, this theory was rejected in *Oliver* where we find the phrase "[t]he limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident" to be ambiguous. *Oliver,* 866 S.W.2d at 870. According to

Secura's line of reasoning, we should have found the policy unambiguous and that "sustained" modified **"damages"** because the dependent clauses were set off by commas. However, we specifically found the word "sustained" was ambiguous, noting that it could have modified "injury" or "damages" despite the commas. *Id.* Thus I cannot say the use of commas, or the lack thereof in this instance, is dispositive.

I find the policy language is ambiguous. I would, therefore, reverse the trial court's judgment and hold Remspecher is entitled to a separate award of $100,000 for damages as a result of his loss of consortium claim. I would remand to the trial court for entry of judgment in accordance with this opinion.