# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2424

_____

|  |  |  |
|---|---|---|
| Sharon Riley, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| St. Louis County of Missouri; Ronald A. | * | District Court for the Eastern |
| Battelle, St. Louis County Police Chief; | * | District of Missouri. |
| Stygar and Sons Chapel, doing business | * | |
| as Stygar Family of Funeral Services; | * | |
| Robert Robinson, St. Louis County | * | |
| Police Officer, | * | |
| | * | |
| Appellees. | | _____ |

Submitted: December 10, 1997
Filed: August 13, 1998

_____

Before BOWMAN,[1] FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Sharon Riley brought this suit against St. Louis County, Missouri; St. Louis County Police Chief, Ronald A. Battelle; St. Louis County Police Officer, Robert Robinson (collectively, "the Department"); and Stygar and Sons Chapel, doing business

_____

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

as Stygar Family of Funeral Services ("Stygar," or collectively, "Appellees").  In count I, Riley sought relief under 42 U.S.C. § 1983 (1994) for Appellees' alleged violations of her Fourth and Fourteenth Amendment rights.  In counts II and III, Riley alleged pendent state claims of negligence and breach of contract against Stygar.  The district court[2] dismissed count I with prejudice based on Riley's failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  After declining to exercise its supplemental jurisdiction, the district court dismissed counts II and III without prejudice.  See 28 U.S.C. § 1367(c)(3) (1994).  For the reasons set forth below, we affirm.

## I.    BACKGROUND

When reviewing a Rule 12(b)(6) dismissal for failure to state a claim, we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff.  See Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998).  In Riley's First Amended Complaint, Riley states that her son, Anthony Riley, committed suicide on September 6, 1995 at the age of eighteen years old.  Riley contracted with Stygar for a funeral package for her son.  Riley contends that Stygar conspired with the St. Louis County Police Department to violate her Fourth and Fourteenth Amendment rights by allowing the Department to photograph the deceased, without Riley's knowledge or permission, while the deceased remained in Stygar's lawful possession and control.  Specifically, Riley claims that Officer Robert Robinson, acting under Chief Ronald Battelle's authority and control, photographed the deceased as he lay in his coffin after the funeral services ended.  Riley further contends that the Department later displayed these photographs at a public gathering and commented that the decedent's involvement in gang-related activities had caused his death.

---

[2]The HONORABLE FREDERICK R. BUCKLES, United States Magistrate Judge for the Eastern District of Missouri.

As a result, Riley filed a three-count complaint against Appellees. In count I, Riley claimed that the Appellees' actions violated section 1983 by denying her[3] Fourth[4] and Fourteenth Amendment rights. In counts II and III, Riley raised state law claims of breach of contract and negligence against Stygar. Appellees moved to dismiss count I for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The district court granted Appellees' motion and dismissed count I with prejudice and, after declining to exercise its supplemental jurisdiction, dismissed counts II-III without prejudice. Riley appeals the dismissal of her complaint.

## I.    DISCUSSION

We review <u>de novo</u> the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Double D Spotting Serv., Inc.</u>, 136 F.3d at 557. Applying the same standard as the district court, we accept the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. <u>See</u> <u>id.</u> We affirm a Rule 12(b)(6) dismissal if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." <u>Id.</u> (internal quotation and citation omitted).

Riley first argues that Appellees' conduct violated her Missouri common law right of sepulchre and that the district court erred in failing to recognize the right of sepulchre as a constitutionally protected property interest. We disagree.

---

[3]We note that, to the extent that Riley's complaint alleged that Appellees' actions violated her deceased son's constitutional rights, those claims were properly dismissed because section 1983 does not provide a cause of action on behalf of a deceased for events occurring after death. <u>See, e.g.</u>, <u>Guyton v. Phillips</u>, 606 F.2d 248, 251 (9th Cir. 1979).

[4]As Riley has not briefed any Fourth Amendment issues, we find that she has abandoned the Fourth Amendment claims on appeal. <u>See</u> Fed. R. App. P.28(a)(3) & (6); <u>Pet Milk Co. v. Boland</u>, 185 F.2d 298, 302 (8th Cir. 1950).

"Section 1983 relief is predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Unv., 64 F.3d 442, 445 (8th Cir. 1995) (internal quotation and citation omitted). Riley alleges that Appellees deprived her of her property without due process of law in violation of the Fourteenth Amendment. "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated." Id. at 445-46. Section 1983 does not create substantive rights, see Wilson v. Garcia, 471 U.S. 261, 278 (1985); rather, state law establishes the property interest while federal constitutional law determines whether the state law property interest rises to a constitutionally protected property interest. See Dover Elevator Co., 64 F.3d at 446.

Riley urges this court to recognize a constitutionally protected property interest based upon Missouri's common law right of sepulchre.[5] However, "Missouri courts have abandoned the early fiction that the cause of action for interference with the right of sepulchre rested on the infringement of a quasi property right of the nearest kin to the body." Lanigan v. Snowden, 938 S.W.2d 330, 332 (Mo. Ct. App. 1997) (internal quotation and citation omitted). Instead, Missouri courts base the cause of action on the mental anguish of the person claiming the right of sepulchre. See id. Nonetheless, we need not consider whether Riley's right of sepulchre constitutes a constitutionally protected property interest because Riley fails to allege facts sufficient to support her claim that Appellees violated her right to sepulchre. Our analysis of the Missouri common law right of sepulchre reveals that the deprivation of this right typically involves a physical intrusion, mishandling, or manipulation of the deceased's body. See, e.g., Golston v. Lincoln Cemetery, Inc., 573 S.W.2d 700, 703 (Mo. Ct. App. 1978); Crenshaw v. O'Connell, 150 S.W.2d 489, 493 (Mo. Ct. App. 1941); Wilson v. St. Louis & S.F.R. Co., 142 S.W. 775, 777 (Mo. Ct. App. 1912). In the instant case,

_____

[5]The common law right of sepulchre is the "right of the next of kin to perform a ceremonious and decent burial of the nearest relative--and an action for the breach of that right." Galvin v McGilley Memorial Chapels, 746 S.W.2d 588, 591 (Mo. Ct. App. 1987).

Riley does not allege any physical insult to the deceased nor any interference with the visitation, funeral, or burial. We therefore conclude that photographing the deceased's body after the visitation and later displaying the photograph at a public assembly did not deprive Riley of her right of sepulchre under Missouri law. As such, Riley fails to state a claim upon which relief can be granted under section 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Riley next argues that Appellees' photographing the deceased, displaying the picture at a public assembly, and making slanderous comments regarding the deceased's alleged gang activities violated her substantive due process rights as well as her right to privacy. We disagree.

"[S]ubstantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." United States v. Salerno, 481 U.S. 739, 746 (1986) (internal citations and quotations omitted). A substantive due process claim can be stated two different ways. One, substantive due process is violated when the state infringes "fundamental" liberty interests without narrowly tailoring that infringement to serve a compelling state interest. See Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc). Two, substantive due process is offended when the state's actions either "shock[] the conscience" or "offend[] judicial notions of fairness . . . or . . . human dignity." Id. (internal quotation and citation omitted). We are generally hesitant to extend substantive due process into new arenas. See id.

In the present case, Riley has failed to allege either type of substantive due process claim. First, no fundamental liberty interest of Riley has been infringed because Riley's right for the Department to refrain from photographing the deceased, displaying his picture at a public assembly, and making slanderous comments regarding the deceased's alleged gang activities is not "so rooted in the traditions and conscience of our people as to be ranked as fundamental." Reno v. Flores, 507 U.S. 292, 303

(1993) (internal quotation and citation omitted). Second, we cannot conclude that the Department's actions, despite being insensitive and the result of poor judgment, rise to the level of sufficiently outrageous conduct that shocks the conscience. Therefore, Riley has not alleged a violation of her constitutional right to substantive due process.

Turning to Riley's right to privacy claim, "[t]he Supreme Court has recognized that notions of substantive due process contained within the Fourteenth Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives." Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996). One aspect of this right to privacy encompasses an individual's interest in avoiding disclosure of personal matters and has been characterized as the right to confidentiality. See id. "This protection against public dissemination of information is limited and extends only to highly personal matters representing the most intimate aspects of human affairs." Id. (internal quotation and citation omitted). "To violate [Riley's] constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation of her to further some specific state interest, or a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information." Id. (internal quotation and citation omitted).

Here, although Appellees' behavior was inappropriate, we cannot conclude that these actions violated Riley's right to privacy. Riley allowed her son's remains to be viewed at the visitation; therefore, Riley had no legitimate expectation that this information would be kept confidential. See Eagle, 88 F.3d at 625. Moreover, regarding Riley's claim that the slanderous comments deprived her of her "right to privacy in the memory of her son and her right to see that his remains are treated in a dignified and respectful manner," Appellant's Add. at 9, we find that Riley fails to identify any tangible liberty or property interest, and "it is well established that defamation or injury to reputation by itself does not state a constitutional deprivation." Brayman v. United States, 96 F.3d 1061, 1066 (8th Cir. 1996). As such, Riley has failed to allege a violation of her constitutional right to privacy.

## III.    CONCLUSION

After a thorough review of the record and Riley's remaining arguments,[6] we are convinced that they are without merit.  Accordingly, for the reasons stated, we affirm the district court's dismissal of count I with prejudice for Riley's failure to state a claim under section 1983.  We also affirm the district court's dismissal of counts II and III without prejudice based on the district court's decision not to exercise its supplemental jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]Riley argues that, one, the district court, by dismissing her claims against St. Louis County, has precluded her from seeking legal redress against the County because Missouri's sovereign immunity bars Riley's claim against the County in state court and that this violates her procedural due process rights.  Second, Riley contends that the district court erred in finding that she failed to allege sufficient facts that Appellees conspired to deprive Riley of her constitutional rights.